No. 47,248

STATE OF KANSAS, *Appellee,* v. NICHOLA ELIAS AWAD and FAHIM KHALIL ABDELNUR, *Appellants.*

(520 P. 2d 1281)

Opinion filed April 6, 1974.

*Hugh H. Kreamer,* of Breyfogle, Gardner, Martin, Davis and Kreamer, of Olathe, argued the cause and was on the brief for the appellants.

*Margaret W. Jordan,* district attorney, argued the cause, and *Vern Miller,* attorney general, and *J. J. B. Wigglesworth,* assistant district attorney, were with her on the brief for the appellee.

*Per Curiam:* Appellants were convicted of attempted felonious theft. On appeal it is claimed that the evidence does not support the charge of attempt under K. S. A. 1973 Supp. 21-3301, but presents a case only for a completed theft as defined by K. S. A. 1973 Supp. 21-3701.

The evidence showed that the defendants, while in a K-Mart store in Johnson County, took an empty hamper box and surreptitiously filled it with merchandise of the store of the value of $197.54. They sealed the box with tape and attempted to walk through the check-out stand by offering to pay only for the box presumably containing the hamper, for its marked price of $9.88.

The matter may be quickly disposed of. If the defendants had been charged with theft, it would have been for the jury to determine whether the theft had been completed by an unlawful taking when the goods were placed in the box, or whether doing so was an overt act toward the commission of an attempt to take the property from the store without paying for it.

The plans of the defendants to deprive the store of its property by taking it from the store concealed in the hamper and without paying for the merchandise were thwarted by the cashier, and the attempt failed.

The evidence was more than ample to support the charge of attempted theft. It was a question for the jury, and the conviction must stand.

In passing we should mention that former K. S. A. 21-102, providing that there should be no conviction for an attempted offense

when a perpetrated offense was shown, has been repealed. That statute, prior to its repeal, was a mandate for an appropriate instruction to the jury. But the issue of whether there was a completed appropriation of property or a thwarted attempt evidenced by an overt act was, and is always, a jury question unless the evidence is so conclusive as to preclude submission of one in favor of the other. The evidence in this case does not conclusively exclude submission of the case on the charge of attempt.

The judgment is affirmed.