No. 53,805

STATE OF KANSAS, *Appellee*, v. RANDY LYNN MAHLANDT, *Appellant.*

(647 P.2d 1307)

Opinion filed July 16, 1982.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and was on the brief for the appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a criminal action in which Randy Lynn Mahlandt (defendant-appellant) appeals convictions by a Sedgwick County jury of robbery (K.S.A. 21-3426) and aggravated kidnapping (K.S.A. 21-3421).

The facts are not in dispute. On October 5, 1980, Ms. S. was working as a night clerk at the Save-A-Trip store in Mulvane, *Sedgwick County,* Kansas. At approximately 5:15 a.m. a man identified as the defendant, who had been in the store off and on during the night "killing time," asked for a package of Kool cigarettes. After Ms. S. handed them to him, he demanded that she open up the cash register. She complied and he removed the money from the register. The defendant then forced Ms. S. to go

with him to his car, hitting her in the face and head several times when she put up a struggle. The victim jumped out of the defendant's car as he began backing up, and, upon the arrival of other people in the parking lot, the defendant drove off.

Later that same morning, at approximately 5:45 a.m., a man identified as the defendant entered the Seven-Eleven store in Rose Hill, *Butler County,* Kansas, where Ms. W. was employed as the night clerk. When Ms. W. opened up the cash register to ring up his gasoline purchase, the defendant leaped over the counter and removed the money from the register. The defendant told Ms. W. he was taking her with him and he pulled her out of the store and pushed her into his car.

The defendant drove Ms. W. to a dirt road in *Sedgwick County,* then stopped and raped and sodomized her. After the rape the victim saw a large amount of money under one of the front seats, which was later identified as the money stolen from the Save-A-Trip store in Mulvane. The victim had also seen the defendant smoking a Kool cigarette while they were in the car. Ms. W. was abandoned out in the country and made her way to a house for help.

The defendant was apprehended later that day by John Dailey, an officer with the Sedgwick County Sheriff's Department, who investigated both the Sedgwick and Butler County incidents. A search of the defendant's car produced the money identified as that stolen from the store in Mulvane and a package of Kool cigarettes.

The defendant was charged with robbery, aggravated kidnapping, rape and aggravated sodomy in *Butler County* in two separate criminal actions in connection with the Rose Hill incident. These cases were consolidated for trial. Prior to trial the State moved for permission to introduce evidence of the Mulvane incident under K.S.A. 60-455 to prove motive, opportunity, intent, preparation, plan and identity. Finding that identification of the defendant was in controversy, the trial court granted the motion over the defendant's protests that doing so could possibly result in double jeopardy.

At trial in *Butler County* on April 20, 1981, Ms. S. testified concerning the robbery of the Save-A-Trip store in Mulvane. She identified the defendant, and described how he asked for the Kool cigarettes and then robbed her by taking money from the cash

register, forced her to go to his car, and beat her when she tried to fight him. A picture of Ms. S. taken a few days after the beating was admitted and shown to the jury. Ms. S. described how she jumped out of the car when the defendant was backing up, and also identified a check found in the defendant's car as one taken from the Mulvane store.

Another witness, Bob Hause, identified the defendant as having been in the Mulvane store the night of the robbery. He further testified that he saw the defendant physically put Ms. S. in his car and he identified the defendant's car as the one involved in the Mulvane incident. Officer John Dailey testified concerning the cigarettes and money found in the defendant's car, the money later identified by Ms. S. as that stolen from the Mulvane store.

In *Butler County* the defendant was found guilty of robbery of the Rose Hill store and of the aggravated kidnapping, rape and attempted aggravated sodomy of Ms. W.

Concurrently with the *Butler County* action the defendant was charged in *Sedgwick County* with robbery and aggravated kidnapping in connection with the incident at the Save-A-Trip store in Mulvane. After the Butler County trial concluded, the defendant moved to have the Sedgwick County action dismissed, claiming that it amounted to double jeopardy under K.S.A. 21-3108(2)(*a*), because facts concerning the Mulvane matter testified to in the Butler County prosecution could have been, but were not, charged in that action as required by the statute. The trial court denied the motion.

During trial Ms. S., Bob Hause and Officer Dailey testified to essentially the same evidence as was presented by them in the Butler County case. The defendant again raised his double jeopardy objection prior to the close of the trial, which was overruled. The defendant was convicted of robbery and aggravated kidnapping. Appeal has been duly perfected, raising two issues on appeal.

The defendant first contends the Sedgwick County prosecution was barred because of the evidence admitted in the prior Butler County prosecution. This claim of double jeopardy is based on K.S.A. 21-3108(2)(*a*), the compulsory joinder statute, which states in pertinent part:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely . . . ."

As was stated by the Court of Appeals in the case of *In re Berkowitz,* 3 Kan. App. 2d 726, 602 P.2d 99 (1979), the object of 21-3108(2)(a) is to prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying the defendant for the same offense in a trial where it is charged. 3 Kan. App. 2d at 743. The opinion in that case discussed in great length the law of double jeopardy under the Fifth and Fourteenth Amendments and the historical background of the compulsory joinder rule now embodied in 21-3108(2)(a), which is unnecessary to repeat here. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed.2d 707, 89 S.Ct. 2056 (1969).

As the court pointed out in *Berkowitz,* three elements must be present under 21-3108(2)(a) to bar a subsequent prosecution. First, the prior prosecution must have resulted in a conviction or acquittal, second, evidence of the present crime must have been introduced in the prior prosecution, and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. 3 Kan. App. 2d at 743.

The first two elements are clearly present in this case. The defendant was convicted of the crimes charged and there is no dispute that the evidence of the crimes charged in Sedgwick County was admitted in the Butler County trial. However, the statute does not apply unless the last element is present—that crimes charged in the Sedgwick County prosecution could have been included as additional counts in the Butler County prosecution. We must necessarily determine whether the robbery and kidnapping charges appealed here from Sedgwick County could have been brought in Butler County.

The defendant argues that under the venue statutes, specifically K.S.A. 22-2603 and 22-2609, both the robbery and the kidnapping charges could have been brought in Butler County. K.S.A. 22-2603 states:

"Where two or more acts are requisite to the commission of any crime and such acts occur in different counties the prosecution may be in any county in which any of such acts occur."

K.S.A. 22-2609 states:

"When property taken in one county by theft or robbery has been brought into another county, the venue is in either county."

Without question the money stolen from the Mulvane store in Sedgwick County was brought into Butler County when the defendant robbed the Rose Hill store and abducted Ms. W. Thus, under 22-2609, it seems clear the robbery charge could have been prosecuted in Butler County and the double jeopardy provisions of 21-3108 apply.

However, the kidnapping charge presents a greater problem. The kidnapping occurred in Sedgwick County and was completed in Sedgwick County when the victim jumped out of the defendant's car while still in the Mulvane store parking lot. Thus, the kidnapping venue statute, K.S.A. 22-2614, does not apply in Butler County. It states:

"A person charged with the crime of kidnapping may be prosecuted in any county in which the victim has been transported or confined during the course of the crime."

The kidnapping charge could not have been brought along with the robbery charge under 22-2603. The kidnapping clearly was not an act necessary to the accomplishment of the robbery, as 22-2603 requires. Instead, the facts show that the robbery was completed prior to the time when the victim was forced out of the store and into the defendant's car. The commission of the robbery would not have been altered had the kidnapping not occurred. We find no basis upon which to found venue in Butler County for the kidnapping of Ms. S. Jurisdiction is essential before jeopardy attaches. *State v. Hendren,* 127 Kan. 497, 500, 274 Pac. 274 (1929). Without a basis for venue, Butler County lacked jurisdiction over the kidnapping charge. *State v. Moore,* 226 Kan. 747, 602 P.2d 1359 (1979).

Furthermore, the kidnapping charge could not have been brought in Butler County under 22-3202 governing the joinder of charges. This statute provides:

"(1) Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The long established test for the joinder of charges and consolidation of trials was stated in *State v. Ralls,* 213 Kan. 249, 256-57, 515 P.2d 1205 (1973):

"When all of the offenses are of the same general character, require the same mode of trial, the same kind of evidence and *occur in the same jurisdiction* the defendant may be tried upon several counts of one information or if separate informations have been filed they may be consolidated for trial at one and the same trial." (Emphasis added.)

All the charges arising out of the two incidents could have been charged in Sedgwick County, because the fruits of the Rose Hill robbery and Ms. W. were brought into Sedgwick County. The fact that the two counties chose to prosecute the actions separately did not prejudice the defendant or place him in jeopardy. It should be noted that the defendant did not move the trial court to consolidate the Butler and Sedgwick County actions. On the facts in this case, when evidence of the Mulvane robbery was admitted in the Butler County prosecution the double jeopardy prohibition of 21-3108(2)(*a*) was violated. The appellant's conviction of robbery in the Sedgwick County trial court was erroneous and his conviction on this count is reversed.

The defendant contends the trial court erred in its refusal to give instructions on four lesser included offenses in the charged crime of aggravated kidnapping. The defendant requested instructions for the crimes of attempted aggravated kidnapping, attempted kidnapping, aggravated battery and criminal injury to persons.

The trial court could not have given the requested instruction on criminal injury to persons because that statute was repealed in 1978 after it was held unconstitutionally vague in *State v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977).

The defendant argues that only an attempt to kidnap Ms. S. occurred, primarily on the ground that her abduction was prevented by the victim's struggle before the defendant forced her into his car, and a substantial confinement was prevented because the victim jumped out of his car. He argues an instruction for attempted kidnapping was necessary because the requirements for kidnapping under K.S.A. 21-3420, a taking or confining of a person, did not occur.

The defendant was charged under 21-3420(*c*) which provides:

"Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:

. . . . .

"(c) To inflict bodily injury or to terrorize the victim or another . . . ."

An attempt is defined in 21-3301 as:

"[A]ny overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

In *State v. Awad,* 214 Kan. 499, 520 P.2d 1281 (1974), this court stated the question of whether there was a completed act or a thwarted attempt evidenced by an overt act is a question for the jury "*unless the evidence is so conclusive as to preclude the submission of one in favor of the other.*" (Emphasis added.) 214 Kan. at 500. The duty to instruct on lesser included offenses arises only when there is evidence under which the defendant might reasonably have been convicted of the lesser crime. *State v. Everson,* 229 Kan. 540, 626 P.2d 1189 (1981); *State v. Ponds and Garrett,* 218 Kan. 416, 543 P.2d 967 (1975); K.S.A. 21-3107.

The issue here turns on the degree of asportation required to constitute a "taking" under the statute. In *State v. Buggs,* 219 Kan. 203, 214, 547 P.2d 720 (1976), this court construed the statute as requiring no particular distance of removal, nor any particular time or place of confinement. Rather, it is the fact and not the distance of the taking that supplies the necessary element of kidnapping.

Here the evidence was sufficient to establish an actual taking of the victim. Either the defendant was guilty of kidnapping under the statute or he was not guilty, depending on the jury's belief of the evidence. There was no evidence of an attempt to kidnap.

The uncontroverted evidence here shows that the victim was forced from the store despite her attempt to fight and get away, and was physically placed by the defendant in his car. It was only after the defendant went around to the other side of his car to get in, and started up the car to drive away that the victim was able to escape. Once the defendant secured the victim in his car it is clear that she was under his control and a taking had occurred.

On the evidence in this case the trial court properly refused to give an instruction on attempted kidnapping and all other lesser offenses requested by the defendant.

The judgment of the lower court is reversed in part and affirmed in part.