No. 78,723

STATE OF KANSAS, *Appellant*, v. ANTHONY C. BARNHART, *Appellee*.

(972 P.2d 1106)

Opinion filed January 22, 1999.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Debra J. Wilson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State from the trial court's dismissal of criminal charges for possession of drug paraphernalia, a firearm, and methamphetamine which arose in August 1996. The trial court dismissed the charges on the ground of double jeopardy as provided in K.S.A. 21-3108(2)(a).

Defendant Anthony C. Barnhart was charged with possession of cocaine, methamphetamine, and drug paraphernalia arising out of defendant's conduct on October 6, 1995. Defendant was tried for the October 1995 crimes and convicted of possession of cocaine and possession of methamphetamine. During that trial, evidence concerning the August 1996 charges that are the subject of this appeal was introduced pursuant to K.S.A. 60-455 to show intent, knowledge, or absence of mistake or accident. Although of no importance to this appeal, the two convictions for the October 1995 offenses are on appeal and pending before the Court of Appeals.

Defendant moved to dismiss the charges that are the subject of this appeal because there had been a violation of his "right to be free from double jeopardy pursuant to the Fifth and Fourteenth Amendments of the U.S. Constitution, Section Ten of the Kansas Bill of Rights, and K.S.A. 21-3108(2)(a)." The motion was based on the fact that during the jury trial of the October 1995 charges, the State introduced substantial evidence of the present case pursuant to K.S.A. 60-455. Specifically, the evidence introduced included: (1) the testimony of Officer Cross regarding his arrest of defendant and the recovery of evidence including drug paraphernalia, a firearm, and methamphetamine; (2) the testimony of Deputy Guzman regarding the chain of custody of the evidence that Officer Cross recovered; and (3) the results of laboratory reports.

In order for K.S.A. 21-3108(2)(a) to bar a prosecution, the following three elements must coalesce: "(1) The prior prosecution must have resulted in either a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution; and (3) the present crime must be one which could have been charged as an additional count in the prior case." *In re Berkowitz*, 3 Kan. App. 2d 726, 743, 602 P.2d 99 (1979). See *State v. Fisher*, 233 Kan. 29, 32, 661 P.2d 791 (1983).

The State argued that the 7-month time lapse between the two offenses defeated the third prong. The 1995 case (No. 95 CR 3522) was charged, a preliminary hearing was held, and defendant was bound over for trial before the defendant was ever charged in the case before us. The trial judge took the matter under advisement

and told the parties that they could decide what evidence he would need to hear at the next hearing.

At the ruling on the motion to dismiss, the trial judge stated that he had examined a partial transcript of the jury trial and had reviewed

"the Berkowitz case cited by both parties, and the Mahlandt case, also the Brueninger case, and the case of State v. Fisher, and the case of State v. Baker. All of these cases stand for the following general proposition: That under the Kansas compulsory joinder statute if evidence is admitted of an offense not contained in the charge, the later prosecution of that offense is barred if it could have been included as an additional count in the first prosecution."

The trial judge sustained defendant's motion to dismiss because the two cases could have been consolidated. The trial judge stated:

"The State argues that basically these cases were unlikely to have been consolidated because of the interest of judicial economy and so forth. I don't think that's the test. I think the test is whether they could have been. I think they clearly could have been.

"I think the Defendant's motion is a good one. The motion to dismiss this case is sustained. This case is dismissed."

The State timely appealed from the trial judge's order dismissing the complaint.

The States's appeal of the district court's dismissal involves a question of law. This court's review of questions of law is de novo. *State v. Todd*, 262 Kan. 916, 919, 941 P.2d 1374 (1997). K.S.A. 21-3108 provides in pertinent part:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

In *State v. Freeman*, 236 Kan. 274, 280-81, 689 P.2d 885 (1984), this court explained:

"The double jeopardy clause of the Constitution of the United States protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 (1977). The language of section 10 of the Bill of Rights of the Constitution of Kansas is very similar to the language contained in the Fifth Amendment of the Constitution of the United States. Both provide in effect that no person shall be twice placed in jeopardy for the same offense. The language of the Fifth Amendment guarantees no greater protection to an accused than does section 10 of the Bill of Rights of the Constitution of Kansas. Therefore, the three underlying protections contained in the double jeopardy clause of the Constitution of the United States are contained in section 10 of the Bill of Rights of the Kansas Constitution."

The *Freeman* court also explained that "[i]n order to implement and define the constitutional guarantees of the double jeopardy clause, the Kansas legislature enacted two statutes: (1) K.S.A. 1983 Supp. 21-3107, multiple prosecutions for the same act, and (2) K.S.A. 21-3108, effect of former prosecution." 236 Kan. at 281.

Defendant cites *In re Berkowitz*, 3 Kan. App. 2d at 742, wherein the court stated that under the Kansas compulsory joinder statute, "if evidence is admitted of an offense not contained in the charge, later prosecution of that offense is barred if it could have been included as an additional count in the first prosecution."

Here, the first prong of the compulsory joinder test is met because the first prosecution ended in a conviction. The second prong is arguably met because pursuant to a successful K.S.A. 60-455 motion, the State introduced evidence of the 1996 crimes in the 1995 case. However, in *State v. Edgington*, 223 Kan. 413, 417, 573 P.2d 1059 (1978), the court held that the fact that some evidence used in the first trial is also used in the second trial does not necessarily bar prosecution. Rather, the question is whether the second crime was proved by the admission of evidence of the second crime in the first trial.

The record before us is such that we are satisfied that the three 1996 crimes were proven in the 1995 case. K.S.A. 22-3202 provides:

"(1) Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the

crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Both cases are Johnson County cases and both cases contain charges of possession of methamphetamine and drug paraphernalia. Defendant notes that even the State's brief asserts that the evidence of the 1996 offense was relevant to prove the 1995 offense because of the striking similarities between the two. In *State v. Howell*, 223 Kan. 282, 285, 573 P.2d 1003 (1977), the court noted that " '[w]hen all of the offenses are of the same general character, require the same mode of trial, the same kind of evidence and occur in the same jurisdiction the defendant may be tried upon several counts of one information . . . .' " (quoting *State v. Adams*, 218 Kan. 495, 506, 545 P.2d 1134 [1976]).

Defendant cites *State v. Cromwell*, 253 Kan. 495, 510-512, 856 P.2d 1299 (1993), wherein this court found that the trial court had not erred in trying charges arising from an incident in January 1987, along with charges arising from an incident in February 1991, because the crimes were similar, despite the 4-year lapse. Thus, defendant correctly maintains that the *Cromwell* case defeats the State's argument that a time differential of 7 months between defendant's two crimes is too long to expect the State to consolidate the charges.

In *State v. Mahlandt*, 231 Kan. 665, 647 P.2d 1307 (1982), defendant was convicted in Sedgwick County of robbery and aggravated kidnapping, based upon his actions of robbing a convenience store located in Mulvane, Sedgwick County. Defendant had entered the store and asked for a package of Kool cigarettes. After the clerk, Ms. S., handed him the cigarettes, he demanded that she open up the cash register; when she complied he removed the money and forced her to go with him to his car, hitting her in the face and head several times when she resisted. She managed to escape from defendant's car as he began backing up to drive away.

Approximately ½ hour after the Sedgwick County robbery, defendant entered a convenience store in Rose Hill, Butler County, where Ms. W. was employed as the night clerk. Defendant stole

the money from store's cash register and forced Ms. W. into his car. Defendant then drove her to a dirt road in Sedgwick County where he raped and sodomized her. After the rape, Ms. W. saw a large amount of money under the front seat of defendant's car, which was later identified as the money stolen from the convenience store in Mulvane. She also saw the defendant smoking a Kool cigarette while they were in his car. Defendant was charged with

"robbery, aggravated kidnapping, rape and aggravated sodomy in *Butler County* in two separate criminal actions in connection with the Rose Hill incident. These cases were consolidated for trial. Prior to trial the State moved for permission to introduce evidence of the Mulvane incident under K.S.A. 60-455 to prove motive, opportunity, intent, preparation, plan and identity. Finding that identification of the defendant was in controversy, the trial court granted the motion over the defendant's protests that doing so could possibly result in double jeopardy." 231 Kan. at 666.

Defendant was found guilty of robbery of the Rose Hill store and guilty of aggravated kidnapping, rape, and attempted aggravated sodomy of Ms. W. in the Butler County trial. Defendant was charged in Sedgwick County with robbery and aggravated kidnapping in connection with the Mulvane store incident concurrent with the Butler County action. Upon conclusion of the Butler County trial, defendant moved to have the Sedgwick County action dismissed, asserting that the Sedgwick County action "amounted to double jeopardy under K.S.A. 21-3108(2)(a), because facts concerning the Mulvane matter testified to in the Butler County prosecution could have been, but were not, charged in that action as required by the statute. The trial court denied the motion." 231 Kan. at 667.

During the Sedgwick County trial, Ms. S. and Officer Dailey testified to essentially the same evidence as they presented in the Butler County case. Defendant raised his double jeopardy objection prior to the close of the trial and it was overruled. He was convicted in Sedgwick County of robbery and aggravated kidnapping. On appeal, defendant contended that the Sedgwick County prosecution was barred as a violation of double jeopardy, given the evidence that was admitted in the prior Butler County prosecution. This claim was based on K.S.A. 21-3108(2)(a).

The issue in *Mahlandt* was whether the crimes of robbery and kidnapping appealed from Sedgwick County could have been included as additional counts in the Butler County prosecution such that the third element of the *Berkowitz* test was met. The *Mahlandt* court held:

"[T]he money stolen from the Mulvane store in Sedgwick County was brought into Butler County when the defendant robbed the Rose Hill store and abducted Ms. W. Thus, under [K.S.A.] 22-2609 ['When property taken in one county by theft or robbery has been brought into another county, the venue is in either county.'], it seems clear the robbery charge could have been prosecuted in Butler County and the double jeopardy provisions of 21-3108 apply.

"However, the kidnapping charge presents a greater problem. The kidnapping occurred in Sedgwick County and was completed in Sedgwick County when the victim jumped out of the defendant's car while still in the Mulvane parking lot. Thus, the kidnapping venue statute, K.S.A. 22-2614, does not apply in Butler County. It states:

'A person charged with the crime of kidnapping may be prosecuted in any county in which the victim has been transported or confined during the course of the crime.'

"The kidnapping charge could not have been brought along with the robbery charge under 22-2603. The kidnapping clearly was not an act necessary to the accomplishment of the robbery, as 22-2603 requires. Instead, the facts show that the robbery was completed prior to the time when the victim was forced out of the store and into the defendant's car. The commission of the robbery would not have been altered had the kidnapping not occurred. We find no basis upon which to found venue in Butler County for the kidnapping of Ms. S. Jurisdiction is essential before jeopardy attaches. *State v. Hendren*, 127 Kan. 497, 500, 274 Pac. 274 (1929). Without a basis for venue, Butler County lacked jurisdiction over the kidnapping charge. *State v. Moore*, 226 Kan. 747, 602 P.2d 1359 (1979)." 231 Kan. at 669.

## The *Mahlandt* court also held:

"All the charges arising out of the two incidents could have been charged in Sedgwick County, because the fruits of the Rose Hill robbery and Ms. W. were brought into Sedgwick County. The fact that the two counties chose to prosecute the actions separately did not prejudice the defendant or place him in jeopardy. It should be noted that the defendant did not move the trial court to consolidate the Butler and Sedgwick County actions. On the facts in this case, when evidence of the Mulvane robbery was admitted in the Butler County prosecution the double jeopardy prohibition of 21-3108(2)(a) was violated. The appellant's conviction of robbery in the Sedgwick County trial court was erroneous and his conviction on this count is reversed." 231 Kan. at 670.

K.S.A. 21-3108(2)(a) incorporates two key concepts: (1) the compulsory joinder rule under the first clause, and (2) the identity of elements rule under the second clause. In *State v. Brueninger*, 238 Kan. 429, 432, 710 P.2d 1325 (1985), the court referred to *In re Berkowitz*, 3 Kan. App. 2d 726, and stated that the *Berkowitz* court had

"extensively reviewed the law of double jeopardy under the Fifth and Fourteenth Amendments and its historical background. The court then related this background to the law of double jeopardy as it currently exists in Kansas. Critical to this analysis was the court's determination that K.S.A. 21-3108(2)(a) incorporates two key concepts—the compulsory joinder rule and the identity of elements rule. The Court of Appeals noted that these rules are both embodied in one subsection with two clauses separated by a semicolon. 3 Kan. App. 2d at 741." 238 Kan. at 432.

With regards to the first clause of K.S.A. 21-3108(2)(a), the *Brueninger* court then noted that it "concerns compulsory joinder and provides that if evidence is admitted at the prior prosecution of an offense not contained in the charge, later prosecution of that offense is barred if it could have been included as an additional count in the prior prosecution." 238 Kan. at 432-33 (citing *Berkowitz*, 3 Kan. App. 2d at 742).

The *Brueninger* court also stated that the "object of the compulsory joinder statute is to prevent the prosecution from substantially proving a crime in a trial in which that crime is not charged and then retrying the defendant for the same offense in a trial where it is charged. [Citations omitted.]" 238 Kan. at 433.

The State's memorandum in support of its motion to admit K.S.A. 60-455 evidence in the 1995 case alleged that defendant was seen at a Lenexa motel with another man standing near the rear of a car. The engine of the car was running and the doors were open. Officer Cross confronted the individuals and had them stand against a wall. While standing against the wall, defendant continually reached for his waistband area. When backup units arrived, defendant was patted down and Cross found a .22 caliber pistol in defendant's waistband. Defendant was then arrested.

A search incident to defendant's arrest revealed a black film canister in the front pocket of defendant's jeans. The canister con-

tained a rock-like substance that appeared to be methamphetamine. Police searched the vehicle because defendant refused to provide identification. Cross located a "fanny pack" inside the car which contained three Ziplock bags containing white powdery residue, a gray pouch of needles, alcohol swabs, a large silver spoon, a glass vial containing a clear liquid, a scale, and unused Ziplock bags and glass vials. Expert testimony identified the seized materials as methamphetamine and cocaine.

We have examined all the cases cited by both parties and have no quarrel with them. As we view K.S.A. 21-3108(2)(a), the legislature intended that in cases such as the one before us the State has two choices. It can: (1) either consolidate the two cases or charge all the crimes in one charging instrument whereby evidence of all the crimes charged would be admissible; or (2) the State can elect to have separate trials and not use evidence of the second offense in the first trial. This statutory construction does not disadvantage either the State or the accused and conserves time and the expense required to present the same evidence in two trials.

The State did not comply with K.S.A. 21-3108(2)(a). Therefore, we find no error in the trial court's dismissal of charges for possession of drug paraphernalia, a firearm, and methamphetamine on the ground of double jeopardy.

The judgment of the trial court is affirmed.