No. 90,188

STATE OF KANSAS, *Appellant,* v. MATTHIAS W. SCHROEDER, JR., *Appellee.*

105 P.3d 1237

Opinion filed February 18, 2005.

*Bobby J. Hiebert, Jr.*, assistant county attorney, argued the cause, and *Stacy Lynn Cunning*, assistant county attorney, was with him on the brief for appellant.

*Sarah Ellen Johnson*, assistant appellate defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This case arises on petition for review from a divided panel of the Court of Appeals, which reversed the district court's double jeopardy dismissal of a Saline County attempted theft by deception charge against defendant Matthias Schroeder, Jr.

Schroeder was first charged in Norton County with forgery and theft by deception. The State alleged he stole 47 cows from Norton Livestock by giving a forged check for purchase of the cattle.

A few days after the Norton County transaction, several of the stolen cows were brought to Farmers and Ranchers Sale Barn (Far-

mers and Ranchers) in Saline County. A man who gave his name as "Randall Senters" called Farmers and Ranchers, said he was the owner of the cattle, and requested payment. Farmers and Ranchers became suspicious and notified police, because the man gave an incomplete address and because ear tags had been removed from the cows. A special investigator for the Kansas Animal Health Department/Brand Division inspected the cows and determined that several had brands matching those of the cows purchased by means of the forged check in Norton County.

The next morning, police officers waited at Farmers and Ranchers for the man claiming to be Senters to arrive to pick up his payment. When the man arrived, a Farmers and Ranchers' employee handed him the check. The officers arrested him immediately, and the man was identified as defendant Schroeder.

Schroeder was acquitted of forgery and theft by deception in Norton County. Two months later, the State charged him in Saline County with possession of the stolen cattle. The State later amended the complaint to add a charge of attempted theft by deception of the Farmers and Ranchers check.

At Schroeder's preliminary hearing in Saline County, the State, with one exception, called the same witnesses who had testified in the Norton County trial that ended in acquittal. The witnesses testified about the Norton County theft of the cattle and the Saline County events that led to defendant claiming the Farmers and Ranchers check.

Schroeder filed a motion to dismiss, arguing only that the possession of stolen property charge violated double jeopardy. Specifically, in his reply memorandum to the district court, Schroeder focused on the compulsory joinder clause of K.S.A. 21-3108(2)(a) and summarized the similarities between the testimony in the Norton County trial and the Saline County preliminary hearing. Although the parties appeared at a later hearing on the motion to dismiss, they offered no further argument on the governing law to the district court at that time. Rather, at the hearing, the defense merely introduced a complete transcript of the Norton County trial in support of its motion, and the district judge took the matter under advisement.

The district judge ultimately dismissed *both* Saline County charges on double jeopardy grounds, stating in his journal entry of judgment:

"The Court finds that the elements of K.S.A. 21-3108(2)(a) are met in this case:
"1. The prior [charges] in Norton County resulted in [an] acquittal of the Defendant;
"2. The evidence of the present crimes was introduced in the prior prosecution; and
"3. The crimes charged in the Saline County prosecution could have been charged as additional or alternative counts in the Norton County case."

The district judge also relied upon his theory that the Norton County and Saline County crimes were part of a single enterprise, giving each county jurisdiction over the prosecution of all of the crimes. In addition, he stated that Kansas "public policy strongly discourages piecemeal prosecutions."

On appeal to the Court of Appeals, the State conceded that further pursuit of the Saline County possession of stolen property charge would violate double jeopardy. See *State v. Schroeder*, No. 90,188, an unpublished opinion filed May 7, 2004. However, because the Saline County attempted theft by deception charge was based on Schroeder's acceptance of the Farmers and Ranchers check rather than the theft of the cattle, in its view, that charge should have been permitted to proceed to trial.

The Court of Appeals majority quoted *In re Berkowitz*, 3 Kan. App. 2d 726, 743, 602 P.2d 99 (1979), for the three requirements of the compulsory joinder clause in K.S.A. 21-3108(2)(a):

" 'For the Kansas statute to bar a prosecution under the circumstances present in this case three elements must coalesce: (1) The prior prosecution must have resulted in either a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution; and (3) the present crime must be one which could have been charged as an additional count in the prior case.' " Slip op. at 6.

Although the State had acknowledged that the first two factors of the compulsory joinder provision were met—Schroeder had been already been tried and acquitted in Norton County, and evidence of the Saline County theft by deception had been introduced in the Norton County trial—it argued the third requirement

for application of the compulsory joinder provision was unmet. Norton County would not have been an appropriate venue for prosecution of Schroeder's attempted theft by deception of the Farmers and Ranchers check in Saline County.

The majority accepted this argument. Because all the elements of the Saline County attempted theft by deception occurred in that county, venue in Norton County would have been improper. In addition, the majority rejected Schroeder's claim that the Norton and Saline County crimes were parts of a single criminal enterprise amenable to prosecution in either county. Slip op. at 14-15.

Judge Greene dissented. He stated that the "State's belated attempt to conjure up an independent crime in Saline County after Schroeder was acquitted in Norton County . . . [was] precisely what our statute and the Constitution seek to proscribe." Dissent at D-1. Although he regarded the majority's analysis and application of the compulsory joinder clause of K.S.A. 21-3108(2)(a) as sound, he argued that Saline County's prosecution of the attempted theft by deception charge should have been barred by K.S.A. 21-3108(2)(b). Dissent at D-4.

### Standard of Review

Our standard of review of a double jeopardy claim is de novo. See *State v. Barnhart*, 266 Kan. 541, 543, 972 P.2d 1106 (1999). In addition, Kansas has codified both the United States Constitution's Fifth Amendment prohibition of double jeopardy and the state Constitution's tandem prohibition in Section 10 of the Bill of Rights at K.S.A. 21-3108, see *Barnhart*, 266 Kan. at 544. We must also examine several statutes affecting joinder and venue to analyze the parties' arguments. To the extent this case requires statutory interpretation, such interpretation also raises issues of law subject to de novo review on appeal. *State v. Marsh*, 278 Kan. 520, 537-40, 102 P.3d 445 (2004).

### Compulsory Joinder under K.S.A. 21-3108(2)(a)

The district court and the Court of Appeals majority both relied upon the first clause of section (2)(a) of K.S.A. 21-3108, although they reached opposite conclusions. The statute reads:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely."

This first clause of section (2)(a) of K.S.A. 21-3108 is a compulsory joinder provision. *State v. Wilkins*, 269 Kan. 256, Syl. ¶ ¶ 1 and 2, 7 P.3d 252 (2000):

"Under the compulsory joinder rule, if evidence is admitted of an offense not contained in the charge, later prosecution of that offense is barred if it could have been included as an additional count in the first prosecution." Syl. ¶ 1.

"The object of the compulsory joinder rule is simply to prevent the prosecution from substantially proving a crime in a trial in which that crime is not charged and then prosecuting the defendant in a subsequent trial using evidence presented in the earlier trial. The compulsory joinder rule furthers the constitutional guarantee against multiple trials . . . ." Syl ¶ 2.

The Court of Appeals majority correctly outlined the three requirements for application of the compulsory joinder clause to bar a prosecution: " '(1) The prior prosecution must have resulted in either a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution; and (3) the present crime must be one which could have been charged as an additional count in the prior case.' " *Wilkins*, 269 Kan. at 260 (quoting *In re Berkowitz*, 3 Kan. App. 2d at 743).

The State asserts this court's decision in *State v. Mahlandt*, 231 Kan. 665, 647 P.2d 1307 (1982), supports its argument that Norton County would not have been an appropriate venue for prosecution of the attempted theft by deception charge.

The *Mahlandt* case began with a robbery of a service station in Sedgwick County. After obtaining the money in the cash register, the defendant kidnapped the service station clerk. However, she was able to escape the defendant's car as it left the station parking area. Later the same morning, and before the defendant removed the proceeds of the Sedgwick County robbery from his car, he robbed another service station in neighboring Butler County.

Again, he kidnapped the clerk. This time he succeeded in driving the clerk into Sedgwick County, where he raped and sodomized her.

The defendant was charged in Butler County with robbery, aggravated kidnapping, rape, and aggravated sodomy. He was also charged in Sedgwick County with robbery and aggravated kidnapping. The Sedgwick County victim testified about the Sedgwick County crimes in the Butler County case, which concluded first. The defendant was convicted on all four charges. He then filed a motion to dismiss the Sedgwick County case, claiming the second prosecution was barred by double jeopardy. The Sedgwick County district judge denied his motion, and he was convicted on both Sedgwick County charges. He then appealed.

This court determined that the first two elements of the K.S.A. 21-3108(2)(a) compulsory joinder test had been met. The defendant had been convicted of the Butler County crimes, and evidence of the Sedgwick County crimes had been admitted in the Butler County trial. The remaining question was whether the Sedgwick County crimes could have been prosecuted in Butler County.

The court discussed three venue statutes: K.S.A. 22-2603, which governs crimes committed in more than one county and provides for prosecution of such crimes in any county in which a constituent criminal act or element of the crime had occurred; K.S.A. 22-2609, which governs crimes in which property is stolen in one county and brought into another, and provides for prosecution in either county; and K.S.A. 22-2614, which provides that a kidnapping case could be prosecuted " 'in any county in which the victim has been transported or confined during the course of the crime.' " 231 Kan. at 668-69 (quoting K.S.A. 22-2614).

Under these statutes, this court held the Sedgwick County robbery charge could have been brought in Butler County, because the money stolen from the Sedgwick County service station was transported there. See K.S.A. 22-2609. This meant that all three of the requirements for application of the compulsory joinder clause of 21-3108(2)(a) were met as to the robbery, and the defendant's double jeopardy rights were violated by his later prosecution in Sedgwick County. 231 Kan. at 669-70.

In contrast, the Sedgwick County kidnapping charge could not have been pursued in Butler County, because the Sedgwick County clerk had escaped from the defendant before he entered Butler County. In short, she was neither transported nor confined in Butler County during the course of the crime, as required by K.S.A. 22-2614. That charge also could not have been pursued in Butler County under K.S.A. 22-2603, because the kidnapping did not qualify as part of the Sedgwick County robbery. "The kidnapping clearly was not an act necessary to the accomplishment of the robbery . . . . Instead, the facts show that the robbery was completed prior to the time when the victim [was kidnapped.] The commission of the robbery would not have been altered had the kidnapping not occurred." 231 Kan. at 669.

This discussion demonstrates that *Mahlandt* supports the State's argument on application of the compulsory joinder clause in this appeal if we view the Saline County attempted theft by deception at issue as more analogous to *Mahlandt*'s Sedgwick County kidnapping than its Sedgwick County robbery. If we take the opposite view, then the district judge was correct to dismiss the attempted theft by deception charge under the compulsory joinder clause of 21-3108(2)(a).

Theft by deception is defined as obtaining by deception control over property with intent to deprive the owner permanently of the possession, use, or benefit of the owner's property. K.S.A. 21-3701(a)(2). An attempt is "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-3301(a).

We note parenthetically that the State's decision to file only an attempt charge against Schroeder in Saline County is perplexing. If the State intended to base this charge on Schroeder's acceptance of the Farmers and Ranchers check rather than its surmise that he planned to negotiate the check for cash if he had not been arrested, it seems there had to have been a completed crime rather than an attempt, if there was any crime at all.

Be that as it may, to the extent the allegations against Schroeder added up to a theft by deception or an attempted theft by decep-

tion, it is clear that all of the acts alleged to have constituted the crime were committed in Saline County. Under K.S.A. 22-2603, this situation differs from the Sedgwick County kidnapping before this court in *Mahlandt* because the Saline County crime was begun and finished *after* the crimes tried earlier in Norton County rather than *before* them. But this difference in sequence is not a meaningful legal distinction for venue purposes.

We also are not persuaded that the Saline County attempted theft by deception charge could have been tried in Norton County because, under K.S.A. 22-2603, it was integral to the possession of stolen property crime that the State has conceded could have been prosecuted in Norton County and thus was properly dismissed in Saline County. Paraphrasing *Mahlandt*, the attempted theft by deception was not an act necessary to the accomplishment of the possession of stolen property. Instead, the facts show that the possession of stolen property was completed prior to the time when the check was accepted from Farmers and Ranchers. The commission of the possession of stolen property would not have been altered had the attempted theft by deception not occurred.

Under *Mahlandt*, the district court erred in dismissing the Saline County attempted theft by deception charge on the basis of a conventional reading of the compulsory joinder clause of 21-3108(2)(a). The third requirement for application of that statute was not met. Norton County would not have been a proper venue for prosecution of that charge.

*Single Enterprise Theory*

Schroeder also argues that the district court's dismissal should be affirmed because each of the Norton County and Saline County crimes should have been treated as a component of a single criminal enterprise amenable to prosecution in either Norton County or Saline County.

Schroeder, the district court, and the Court of Appeals majority have cited three possible sources of authority to support the single enterprise theory. We discuss each in turn.

Although it is not perfectly clear, Schroeder appears to rely on an expansive reading of K.S.A. 21-3108(2)(a) and K.S.A. 22-2603.

The reasoning of our decisions in *Mahlandt*, 231 Kan. 665; *State v. Calderon*, 233 Kan. 87, 661 P.2d 781 (1983); and *State v. Baker*, 255 Kan. 680, 877 P.2d 946 (1994), provides us no incentive to endorse such a reading.

In *Mahlandt*, as discussed, this court refused to reverse the Sedgwick County kidnapping conviction. This was true despite its obvious close ties in time and circumstance to the Sedgwick County robbery and the Butler County crimes. 231 Kan. at 666. The ties did not translate into treatment as components of a single criminal enterprise.

In *Calderon*, the defendant kidnapped an 11-year-old boy from Riley County and transported him to Pottawatomie County, where he sodomized him. The defendant entered a plea of nolo contendere to a kidnapping charge in Riley County, and the State referenced the sodomy in the factual basis it stated to support the plea. The defendant invoked the earlier prosecution in Riley County to challenge his later aggravated sodomy conviction in Pottawatomie County on double jeopardy grounds, asserting that the sodomy could have been prosecuted in Riley County along with the kidnapping. 233 Kan. at 88-89.

This court rejected the assertion. Despite the very close connection in time between the kidnapping and the aggravated sodomy and the fact that the former enabled the performance of the latter, proof of one still was not considered vital to proof of the other under K.S.A. 22-2603. "Venue did not lie in Riley County under K.S.A. 22-2603 because no act required to establish the crime of aggravated sodomy under 21-3506(b) occurred there . . . . Because the crime could not have been charged in Riley County there was no violation of the double jeopardy provisions of 21-3108(2)(a)." 233 Kan. at 91-92. In the alternative, we also held that the State's mention of the sodomy at the defendant's Riley County plea hearing did not meet the requirement in 21-3108(2)(a) that evidence be introduced in a previous prosecution. 233 Kan. at 92-93.

In *Baker*, the defendant murdered a woman in her home in Shawnee County. When three of her neighbors checked on her welfare the following morning, the defendant kidnapped the three

at gunpoint and drove them into Douglas County, where he forced them out of the car. He was then persuaded to leave the three there for an hour while he checked on the status of the murder victim. During this hour, the only one of the three neighbors who was physically able escaped and summoned help from law enforcement. When the authorities arrived at the scene where the two neighbors had been left, they were gone. Two days later, the two neighbors' bodies were found elsewhere in Douglas County.

The defendant was convicted of murder, aggravated burglary, conspiracy to commit aggravated burglary, and three counts of kidnapping in Shawnee County. He was later convicted in Douglas County of one count of aggravated assault of the neighbor who survived and two counts of murder and two counts of aggravated kidnapping of the two neighbors who did not.

On appeal, the defendant argued that all of the crimes should have been prosecuted together in Shawnee County. This court rejected his compulsory joinder argument regarding the two counts of murder and two counts of aggravated kidnapping, because the defendant's act of leaving the three neighbors for a period of time constituted a break in the action. The later second kidnapping of two of the neighbors and their eventual murders, which occurred solely in Douglas County, were not parts of a single criminal enterprise including the Shawnee County crimes. 255 Kan. at 684.

On the other hand, the court accepted the defendant's compulsory joinder argument with regard to the Douglas County aggravated assault of the neighbor who escaped. To the extent that neighbor was subjected to an aggravated assault in Douglas County, the court agreed it was a continuation of a kidnapping that had begun in Shawnee County and for which the defendant had already been tried and convicted. The aggravated assault could not be prosecuted separately later in Douglas County without running afoul of 21-3108(2)(a)'s compulsory joinder clause and double jeopardy. 255 Kan. at 685.

In this case, several days separated the Norton County and Saline County events. Relying on the logic of *Mahlandt, Calderon,* and *Baker,* we reject any assertion by Schroeder that the Norton County crimes and Saline County crimes should have been treated

as constituent parts of a single enterprise and tried together in Norton County under an expansive reading of K.S.A. 21-3108(2)(a) and K.S.A. 22-2603.

The second possible source of authority for the single enterprise theory comes from the district judge, who cited *State v. Martinez*, 255 Kan. 464, 874 P.2d 617 (1994), to support his alternative holding that all of the crimes in both counties were part of a single enterprise. The Court of Appeals rejected this rationale, and we agree. *Martinez* involved aider and abettor liability in a county into which stolen property was transported. 255 Kan. at 467-68. Although it would support prosecution for the theft of the cattle in Saline County, it does not support prosecution for the theft of the check in Norton County. The cattle traveled in one direction across the county line; the check never traveled in the opposite direction across the line.

The Court of Appeals majority identified—and discounted—yet a third possible source of support for the single enterprise theory: K.S.A. 22-3202's joinder provision for multiple crimes that make up a "common scheme or plan." We agree the operation of K.S.A. 22-3202 is limited to a common scheme or plan executed entirely within one jurisdiction. *Mahlandt*'s specific rejection of reliance on K.S.A. 22-3202 as an avenue to support prosecution of the Sedgwick County kidnapping charge in Butler County, citing *State v. Ralls*, 213 Kan. 249, 515 P.2d 1205 (1973), is significant. *Ralls'* discussion of joinder explicitly noted the requirement that the crimes to be joined under K.S.A. 22-3202 must have occurred in a single jurisdiction. 213 Kan. at 256-57. Joinder under 22-3202 does not trump the requirement of proper venue.

### Crimes Inextricably Intertwined

Schroeder also argues before us that, even if the Norton County crimes and the Saline County crimes were not parts of a single enterprise, they were inextricably intertwined and thus could have been prosecuted together in Norton County. Judge Greene saw merit in this argument in this particular situation.

We decline to extend application of the compulsory joinder provision to crimes that are merely "inextricably intertwined" with

crimes for which a defendant has already been tried to conviction or acquittal in another county. Neither K.S.A. 21-3108 nor our previous case law supports such an extension. Moreover, the vagueness of such a holding would be likely to cause more problems than it would cure.

### K.S.A. 21-3108(2)(b)

Section (2)(b) of K.S.A. 21-3108, on which Judge Greene relied in his dissent, bars a prosecution if the defendant was prosecuted earlier for a different crime and that prosecution "[w]as terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution." We have never interpreted or applied this more general double jeopardy provision. Its potential effect on this case was raised for the first time by Judge Greene; neither party had argued that this section was controlling before the district court or had cited it in the brief submitted to the Court of Appeals.

We excuse Schroeder's failure to preserve this issue for review, because we recognize that all three exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal are applicable in this case. The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; consideration of the theory is necessary to serve the ends of justice or prevent denial of fundamental rights; and the judgment of the district court may be upheld despite its reliance on the wrong ground for its decision. See *State v. Wiegand,* 275 Kan. 841, Syl. ¶ 2, 69 P.3d 627 (2003).

Here, the plain language of K.S.A. 21-3108(2)(b) is clearly applicable to ban prosecution of the attempted theft by deception charge in Saline County. In the Norton County case, Schroeder was found not guilty on the central charge of theft of the cattle by deception. That finding was "inconsistent with [a] fact necessary to conviction" on the attempted theft of the check by deception in Saline County, *i.e.,* that Schroeder's exchange of cattle for the check was deceitful. Viewing the State's factual basis for the check charge charitably, Schroeder's acceptance of the check was only

wrongful if he was misrepresenting his right to sell the cattle. In effect, the Norton County jury already found that the State failed to prove the absence of that right.

We believe our reasoning here is supported by the United States Supreme Court's double jeopardy decision in *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970).

In *Ashe*, three or four men broke into a house and robbed six men playing poker. The defendant was charged with robbery of one of the poker players, and a jury found him not guilty. He was later charged with robbery of a different poker player. The State presented the same witnesses and evidence in the second trial as it did in the first trial. The second jury convicted, and the defendant argued on appeal that his double jeopardy rights had been violated by the second prosecution. 395 U.S. at 437-40.

The Supreme Court determined that the doctrine of collateral estoppel applied in criminal cases and was embodied in the Fifth Amendment guarantee against double jeopardy. 397 U.S. at 443, 445-46. Once a jury determined that the defendant was not guilty of the robbery, the State could not "present the same or different identification evidence in a second prosecution . . . in the hope that a different jury might find that evidence more convincing." 397 U.S. at 446.

Here, as in *Ashe*, the jury in the first trial determined that Schroeder was not guilty of involvement in the theft of the cattle. The State then sought a guilty verdict on the same facts and evidence for a different crime that required Schroeder either to have stolen the cattle or to have possessed stolen property. These questions had already been decided against the State. Under K.S.A. 21-3108(2)(b), and consistent with the application of collateral estoppel to prevent double jeopardy in *Ashe*, the second prosecution was barred.

The Court of Appeals is reversed. The district court is affirmed.