NOT DESIGNATED FOR PUBLICATION

No. 117,286

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM WARREN QUINN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed March 23, 2018. Affirmed in part, reversed in part, and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM: After the district court denied William Warren Quinn's motion to suppress the results of a breath test, Quinn was convicted of aggravated battery while driving under the influence (DUI) and transporting an open container. On appeal, Quinn does not argue that the facts were insufficient to convict him, but instead he raises three purely legal challenges. He first contends that he was unconstitutionally placed in jeopardy twice for the same crime. Next, he argues that he did not adequately waive his right to a jury trial. And finally, he asserts that the district court erred in denying his motion to suppress. Because we find that Quinn did not waive his right to a jury trial, we

1

are required to remand the case for further proceedings. Although we address his remaining issues, we find them unpersuasive.

FACTUAL AND PROCEDURAL HISTORY

This case was tried by a bench trial on stipulated facts. On December 9, 2015, Quinn was arrested after the truck he was driving was involved in a traffic accident with a vehicle driven by Heather Cruz, who sustained injuries. The officer investigating the accident believed Quinn was operating his truck while under the influence of alcohol and administered a battery of field sobriety tests. From that testing, the officer determined that additional testing was necessary and arrested Quinn for DUI. During the investigation, an open bottle of whiskey was found in the cab of Quinn's truck.

At the Riley County jail, the officer advised Quinn pursuant to K.S.A. 2015 Supp. 8-1001(k) that if he refused to submit to a breath test and had a prior refusal or conviction, he could be charged with an additional crime based on the refusal. Quinn submitted to a breath test based upon this advisory. The breath test yielded a reading greater than .08.

The State charged Quinn with aggravated battery while DUI, DUI, and transporting an open container. Quinn moved to suppress the results of the breath test, citing recent caselaw, but the district court held that the results were admissible pursuant to the good-faith exception to the exclusionary rule.

At the outset of the hearing for the bench trial, Quinn's counsel, Andy Vinduska, asked the court to try the case on stipulated facts and presented the document to the court. The court immediately noticed that the place of the accident was not listed and had the following colloquy with Vinduska and the State's attorney.

2

"THE COURT: Okay well, I'm assuming that this wasn't meant to trick the state, and that it was just an error, but in the Stipulation of Facts, I don't know where this accident occurred.

"MS. SCHUCK [FOR THE STATE]: Sorry, Judge.

"MR. VINDUSKA: Very true.

"MS. SCHUCK: It was on Highway 24 at McCall's.

"MR. VINDUSKA: That's right.

"THE COURT: And that would be in what County?

"MS. SCHUCK: Pottawatomie County, Judge.

"THE COURT: So we are stipulating to that, as well?

"MR. VINDUSKA: *We are stipulating to that.*

"THE COURT: Can we, by interlineation, since this will be the record after the first sentence, where it says, 'December 2015, in Pottawatomie County, Kansas?'

"MR. VINDUSKA: *I'm fine with that procedure, Your Honor.*

"MS. SCHUCK: Fine with the state, as well, Judge." (Emphasis added.)

After a bench trial on the amended stipulated facts, the district court convicted Quinn of aggravated battery while DUI and transporting an open container but dismissed the DUI charge as multiplicitous.

The district court imposed an eight-month prison sentence for aggravated battery while DUI and a consecutive six-month jail sentence for transporting an open container, but granted probation. Quinn timely appeals.

ANALYSIS

On appeal, Quinn does not argue that the facts were insufficient to convict him, but instead he raises three purely legal challenges. He first contends that he was unconstitutionally placed in jeopardy twice for the same crime. Next, he argues that he did not adequately waive his right to a jury trial. And finally, he asserts that the district court erred in denying his motion to suppress. We will address each in turn.

3

*Quinn was not unconstitutionally twice put in jeopardy for the same crime.*

Quinn argues that the Double Jeopardy Clause contained in both the Fifth Amendment of the United States Constitution and the Kansas Constitution Bill of Rights Section 10 were implicated when the district court conducted the bench trial after pointing out that venue was not specified in the stipulation. He argues that the lack of an essential element constituted a finding of acquittal, preventing further trial. An appellate court reviews a claim of double jeopardy using a de novo standard of review. *State v. Schroeder*, 279 Kan. 104, 108, 105 P.3d 1237 (2005).

Quinn acknowledges he did not raise this issue before the district court. Generally, a new legal theory may not be asserted for the first time on appeal, but an exception may be made if consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Quinn invites us to apply this exception and consider the issue.

But that very argument was rejected by our Supreme Court in *State v. Hawkins*, 285 Kan. 842, 176 P.3d 174 (2008), in which it affirmed the appellate court's refusal to hear a double jeopardy claim raised for the first time on appeal. Double jeopardy is an affirmative defense that is waived by failure to raise it in a timely manner before proceeding to trial a second time. 285 Kan. at 848-49. Our Supreme Court stated that "requiring a defendant to signify his or her . . . objection prior to proceeding to trial on [an] amended information is *not fundamentally unfair*" and thus is not statutorily or constitutionally infirm. (Emphasis added.) 285 Kan. at 849. Therefore, our Supreme Court found that no exception applied to allow the defendant to raise the double jeopardy claim for the first time on appeal. 285 Kan. at 849. Because Quinn's double jeopardy issue is not properly before this court we are required to reject it.

But even if we were to consider it, it would fail under the doctrine of invited error.

A defendant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Whether the doctrine of invited error applies presents a question of law over which we exercise unlimited review. *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016). Quinn invited the claimed error by specifically and unequivocally agreeing to both stipulate to the place of the accident and to have it interlineated into the statement of stipulated facts. Accordingly, he cannot complain of the judge's actions now.

*Quinn failed to waive his right to a jury trial.*

For a waiver of the right to trial by jury to be effective, the defendant must (1) be advised by the court of his or her right to a jury trial and (2) personally waive the right in writing or in open court for the record. A waiver cannot be presumed from a silent record. *State v. Irving*, 216 Kan. 588, 589-90, 533 P.2d 1225 (1975). Whether to waive a jury trial is a decision reserved to the defendant. *Bledsoe v. State*, 283 Kan. 81, 92, 150 P.3d 868 (2007).

The State acknowledges that the district court did not advise Quinn of his right to a jury trial and that Quinn did not waive the right in open court or in writing—the stipulation did not include a waiver of any trial rights. The record is silent. Thus, there was no effective waiver. When a defendant's waiver is ineffective under the *Irving* test, the appropriate remedy is reversal for a new trial. 216 Kan. at 590; see also *State v. Frye*, 294 Kan. 364, 374, 277 P.3d 1091 (2012) (bench trial verdict reversed when no jury trial waiver obtained).

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v.*

5

*Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Based on the undisputed facts, Quinn's convictions must be reversed and the case remanded for a new trial or plea with an effective waiver of rights.

*The district court did not err in denying Quinn's motion to suppress the results of his breath test.*

Finally, Quinn contends that the district court erred in denying his motion to suppress the results of the breath test in his case. Where, as here, the material facts are not in dispute, the suppression of evidence becomes a question of law subject to unlimited review. *State v. Stevenson*, 299 Kan. 53, 57, 321 P.3d 754 (2014).

After his arrest, the arresting officer advised Quinn, pursuant to K.S.A. 2015 Supp. 8-1001(k), that if he refused to submit to a breath test and had a prior refusal or conviction, he could be charged with an additional crime based on the refusal. Quinn submitted to a breath test based upon this advisory. The breath test yielded a reading greater than .08. Since Quinn's arrest, the Kansas Supreme Court has held that the statute that criminalizes the refusal to submit to a breath test, K.S.A. 2016 Supp. 8-1025 is unconstitutional. *State v. Ryce*, 303 Kan. 899, 963, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017). On the same day, the Kansas Supreme Court held that because the State cannot constitutionally impose criminal penalties when a driver refuses to consent to submit to a breath test, any consent premised on the inaccurate information in the advisory is unduly coercive and thus in violation of a driver's rights under the Fourth Amendment to the United States Constitution. *State v. Nece*, 303 Kan. 888, 889, 367 P.3d 1260 (2016), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017). So, there can be no doubt that based on the *Ryce* and *Nece* rulings, Quinn's consent was not voluntary and was obtained in violation of his Fourth Amendment rights. The parties do not dispute this finding. What they do dispute is whether the good-faith exception to the

exclusionary rule applies to allow the admission of the breath test results. So we will next examine the good-faith exception and its application to the facts here.

Generally, when police officers obtain evidence in violation of a person's Fourth Amendment rights, the evidence may not be used at trial—this is known as the exclusionary rule. *State v. Pettay*, 299 Kan. 763, 768-69, 326 P.3d 1039 (2014). Because the exclusionary rule is a judicially created remedy it not absolute; there are many exceptions to its application, including the good-faith exception. 299 Kan. at 768-69.

The good-faith exception to the exclusionary rule applies to "evidence obtained by the police acting in objectively reasonable reliance upon a statute that was subsequently found to violate the Fourth Amendment." *State v. Daniel*, 291 Kan. 490, 498, 242 P.3d 1186 (2010). An officer's reliance on a statute is objectively reasonable when the statute was valid at the time of the officer's action unless (1) the statute was so clearly unconstitutional that a reasonable officer should have known that it was unconstitutional, or (2) the legislature "'wholly abandoned its responsibility to enact constitutional laws.'" 291 Kan. at 500 (quoting *Illinois v. Krull*, 480 U.S. 340, 355, 107 S. Ct. 1160, 94 L. Ed. 2d 364 [1987]). Three panels of this court have found, in published opinions, that consents to take a breath test that were obtained under the advisory required under 8-1001(k), prior to our Supreme Court's decisions in *Ryce* and *Nece*, are admissible under the good-faith exception. The same arguments protesting its application as Quinn makes here—the statute was clearly unconstitutional and the legislature wholly abandoned its responsibility—were considered and rejected by all three panels. See *State v. Perkins*, 55 Kan. App. 2d ___, Syl. ¶ 6 (No. 112,449, filed March 2, 2018); *State v. Schmidt*, 53 Kan. App. 2d 225, 237, 385 P.3d 936 (2016), *rev. denied* 306 Kan. 1329 (2017); *State v. Kraemer*, 52 Kan. App. 2d 686, 698-99, 371 P.3d 954 (2016), *rev. denied* 306 Kan. 1325 (2017). In addition, numerous other panels have come to the same conclusion in unpublished opinions. See *State v. Larkin*, No. 115,985, 2017 WL 6395789, at *6 (Kan. App. 2017) (unpublished opinion) (listing other cases), *petition for rev. filed* January 16,

7

2018. We are persuaded by the holdings in these prior cases and find that the district court did not err in applying the good-faith exception to these facts and denying Quinn's motion to suppress.

Affirmed in part, reversed in part, and remanded with directions.