(929 P.2d 803)
No. 75,275

TOMMY G. THOMPSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed December 27, 1996.

*Bruce W. Beye,* of Overland Park, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before GERNON, P.J., ELLIOTT, J., and JOHN W. WHITE, District Judge, assigned.

WHITE, J.: In this K.S.A. 60-1507 proceeding, Tommy G. Thompson challenges his conviction for selling cocaine by claiming

double jeopardy. Thompson claims that a forfeiture of his vehicle used in the commission of the offense and his conviction of the offense constituted multiple punishments. The district court denied Thompson's petition. We affirm the district court's decision.

Thompson pled guilty to two counts of sale of cocaine and was sentenced on each count to 4 to 15 years' imprisonment, to be served concurrently. On February 8, 1993, sometime before the plea and conviction in the criminal offense, the City of Lenexa decreed forfeiture of Thompson's vehicle pursuant to K.S.A. 65-4171. The forfeiture was based on its use during the above criminal activity. Thompson did not contest the forfeiture action.

Thompson filed a K.S.A. 60-1507 action, claiming that forfeiture of his vehicle was punishment, and, therefore, the subsequent criminal conviction constituted double jeopardy. The district court held a hearing on the motion on September 6, 1995. The court found that Thompson pled guilty to two counts of sale of cocaine. The sales occurred on October 27 and November 4, 1992. The civil forfeiture action dealt with criminal activity that occurred on October 27 and November 20, 1992. Therefore, the City of Lenexa did not base forfeiture on the offense committed on November 4. As to forfeiture for the crime committed on October 27, the court ruled that because Thompson did not contest the forfeiture claim, he had, in essence, abandoned the property. The court further ruled that since Thompson voluntarily gave up the vehicle, he cannot now claim multiple punishments for the same offense.

Thompson contends that the civil forfeiture of his vehicle amounted to a penalty. Therefore, he argues, this subsequent conviction for sale of cocaine was unconstitutional under the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights. He claims he could not have knowingly and voluntarily waived double jeopardy guarantees when pleading guilty to the criminal charges or when not contesting the forfeiture action. The State argues Thompson cannot raise a valid double jeopardy claim where he did not contest the forfeiture action and that he waived any double jeopardy claim by entering a guilty plea.

Thompson raises questions of law where this court's review is unlimited. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights protect against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.

Thompson claims he was subject to "multiple punishments" for the same offense. See *State v. Cady*, 254 Kan. 393, 396, 867 P.2d 270 (1994) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 97 S. Ct. 2221 [1977]). For the following reasons, we disagree: Thompson waived a double jeopardy claim by entering a guilty plea to the criminal offenses; Thompson has no valid double jeopardy claim when he did not contest the civil forfeiture action; and, finally, forfeiture of a vehicle used in criminal activity is not "punishment" as the term is used in the Double Jeopardy Clause.

First, Thompson cannot collaterally attack his sentence after entering a plea of guilty. The general rule is that a guilty plea waives a double jeopardy claim. *United States v. Broce*, 488 U.S. 563, 574-75, 102 L. Ed. 2d 927, 109 S. Ct. 757 (1989); *In re Habeas Corpus Application of Coulter*, 18 Kan. App. 2d 795, 797, 860 P.2d 51 (1993).

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *Broce*, 488 U.S. at 569.

There are two exceptions to this rule, neither of which are applicable to the facts of this case. See *Broce*, 488 U.S. at 575-76.

Thompson's only argument is that he could not knowingly and voluntarily waive his right to claim double jeopardy when he was unaware of the possibilities of this defense. That Thompson wants to jump on the bandwagon of double jeopardy claims at this late

date does not change the general rule here. There is no requirement of a conscious waiver regarding each possible defense relinquished by a guilty plea. Absent a claim of ineffectiveness of counsel, Thompson's argument that he did not knowingly and voluntarily waive his double jeopardy rights fails. See *Broce*, 488 U.S. 573-74.

Second, the State argues that Thompson has no valid double jeopardy claim where he did not contest the forfeiture action. The State cites *U.S. v. Cretacci*, 62 F.3d 307 (9th Cir. 1995), and *U.S. v. Torres*, 28 F.3d 1463, 1466 (7th Cir.), *cert. denied* 513 U.S. 1059, 130 L. Ed. 2d 603 (1994). Both circuits ruled that when a defendant fails to contest the civil forfeiture action, defendant was not party to that suit, and, therefore, there can be no double jeopardy for a subsequent criminal proceeding. More recently, the Tenth Circuit has held that failure to contest the civil forfeiture is fatal to a double jeopardy claim in subsequent criminal proceedings. *U.S. v. Denogean*, 79 F.3d 1010 (10th Cir. 1996); *U.S. v. German*, 76 F.3d 315 (10th Cir. 1996).

In *German*, the defendant was arrested for transporting marijuana in a truck he was driving. A Drug Enforcement Administration agent confiscated the truck. Later, the truck was forfeited and sold at auction. The district court denied defendant's motion to dismiss the criminal indictment on double jeopardy grounds. The court cited with favor the decision in *Torres* and *U.S. v. Arreola-Ramos*, 60 F.3d 188 (5th Cir. 1995), and held: "German was never placed in jeopardy or 'punished' in any constitutional sense because he was never a party to any proceeding designed to adjudicate his personal culpability. His subsequent criminal prosecution is not barred by double jeopardy." 76 F.3d at 320.

In *Denogean*, the defendant pled guilty to the criminal charges. Although the defendant did not expressly waive the Fifth Amendment guarantee against double jeopardy, the Tenth Circuit court held that defendant waived the double jeopardy argument by failing to raise it below. The court stated that an exception might be made in the presence of plain error that effected substantial rights. The defendant did not contest the civil forfeiture action. In view of the rule in *German*, there was no plain error. Since there was

no plain error, the court refused to consider defendant's double jeopardy claim following a guilty plea. 79 F.3d at 1013.

Thompson failed to contest the civil forfeiture action instituted against his vehicle. Since he was not a party to this action, he was not "punished" or placed in jeopardy in the forfeiture action.

Last, Thompson argues that the only real issue before this court is whether the forfeiture was punitive in nature that would constitute punishment for the offense. The United States Supreme Court recently eliminated any doubts in this area by ruling that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause. *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996).

In *Ursery*, the United States Supreme Court consolidated two United States Court of Appeals cases from the Ninth and Sixth Circuits. Both circuits held that the Double Jeopardy Clause prohibited the government from both punishing the defendant for a criminal offense and forfeiting defendant's property for the same offense in a separate civil action.

The Supreme Court, in *Ursery*, recognized a long line of cases where civil forfeiture actions and criminal prosecutions were based on the same offense. The first case to rule that the Double Jeopardy Clause did not apply was *Various Items v. United States*, 282 U.S. 577, 75 L. Ed. 558, 51 S. Ct. 282 (1931). The Court reasoned:

> "[This] forfeiture proceeding . . . is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted, and punished. *The forfeiture is no part of the punishment for the criminal offense.* [Citation omitted.] *The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply.* [Citations omitted.]" (Emphasis added.) 282 U.S. at 581.

Later cases reaffirmed the Court's holding in *Various Items. One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 34 L. Ed. 2d 438, 93 S. Ct. 489 (1972); *United States v. Assortment of 89 Firearms,* 465 U.S. 354, 79 L. Ed. 2d 361, 104 S. Ct. 1099 (1984). In *89 Firearms*, the court applied a two-part analysis: (1) Was it the intent of Congress to design forfeiture as a remedial civil sanc-

tion, and (2) if so, was the statutory scheme so punitive in purpose or effect as to negate Congressional intent to establish a "civil remedial mechanism"? 465 U.S. at 362, 365.

In finding that forfeiture of property and a criminal prosecution violated the double jeopardy provision, the Sixth and Ninth Circuit Courts relied upon *Montana Dept. of Rev. v. Kurth Ranch*, 511 U. S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994); *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993); and *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989). The Supreme Court noted that the circuit courts misapplied the holdings in *Kurth, Austin,* and *Halper* by concluding that the Supreme Court had abandoned the precedent established by *Various Items, Emerald Cut Stones,* and *89 Firearms. Ursery,* 135 L. Ed. 2d 567-68.

Applying this two-part test to the present case, we hold: (1) The forfeiture proceeding resulting in the sale of Thompson's vehicle was civil in nature, and (2) the statutory scheme is not so punitive as to negate legislative intention to establish a civil remedial mechanism. The statute provides that the forfeiture shall "proceed against the property" by filing in the jurisdiction where the property is located. K.S.A. 65-4171(a). The petition shall contain a statement that the property was used or intended to be used in violation of this act or that the property is contraband. K.S.A. 65-4171(a). (The forfeiture statute, K.S.A. 65-4171, has since been repealed and replaced by K.S.A. 60-4101 *et seq.*)

The statutory forfeiture provides for a civil proceeding *in rem.* A legislative intent to assure that property is not used for illegal means, to make illegal activity unprofitable, or to remove contraband may be implied from the statutory language. Kansas forfeiture laws in effect at the time of Thompson's offense do not constitute "punishment" within the meaning of the Double Jeopardy Clause or § 10 of the Kansas Constitution Bill of Rights.

The decision of the district court is affirmed.