(951 P.2d 964)

No. 77,361

STATE OF KANSAS, *Appellee*, v. SHERI YEOMAN, *Appellant*.

Opinion filed December 24, 1997.

*Vernon D. Grassie*, of Girard, for the appellant.

*Scott C. Rask*, assistant county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ELLIOTT, P.J., DAVID PRAGER, Chief Justice Retired, assigned, and PATRICK D. MCANANY, District Judge, assigned.

PRAGER, C.J.: The defendant, Sheri Yeoman, appeals her jury convictions of five drug offenses on the grounds of double jeopardy. We affirm.

On May 17, 1995, following the search by police officers of her mobile home, defendant was arrested for drug violations. On July 14, 1995, she was charged with possession of methamphetamine with intent to sell, sale of methamphetamine, conspiracy to sell methamphetamine, failure to obtain a tax stamp for more than one gram of methamphetamine, possession of marijuana, and possession of drug paraphernalia with the intent to use.

On August 30, 1995, the State filed a forfeiture action pursuant to K.S.A. 60-4104(b) against defendant and her husband. The court declared $3,185.39 and 13 firearms seized in the search to be forfeited for criminal activity and nonpayment of the drug tax. Defendant filed an affidavit asserting that none of the property was used in criminal activity.

The record in the forfeiture action is not included in the record on appeal, but it is undisputed that the Kansas Department of Revenue attached the property to pay the drug tax and penalty.

On March 3, 1996, defendant filed a motion to dismiss the criminal case, alleging that her criminal prosecution after the forfeiture and attachment violated the Double Jeopardy Clause of the Fifth Amendment. The district court denied the motion to dismiss. The case was tried to a jury, which convicted defendant on five counts of drug violations as charged in the complaint. The district court sentenced defendant to the custody of the Secretary of Corrections for consecutive and concurrent sentences. Defendant then appealed to this court. The sole issue presented on appeal is the double jeopardy question.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects individuals against a second prosecution after an acquittal for the same offense, a second prosecution after a conviction for the same offense, and multiple punishments for the same offense. *State v. Gulledge*, 257 Kan. 915, 920, 896 P.2d 378 (1995). In *Gulledge*, the court noted that the language in Section 10 of the Kansas Constitution Bill of Rights is similar to the language in the Fifth Amendment, which guarantees no greater protection to an accused than does Section 10 of the Kansas Constitution Bill of Rights.

Defendant claims that her criminal prosecution after her property was attached for payment of the drug tax was double jeopardy. K.S.A. 1996 Supp. 79-5202(a) provides for a tax on controlled substances. K.S.A. 1996 Supp. 79-5204(a) prohibits a dealer from possessing a controlled substance unless the tax has been paid. K.S.A. 1996 Supp. 79-5205(a) allows the Director of Taxation to assess the tax immediately upon learning it has not been paid. If the dealer does not immediately pay after being notified of the tax, the Director may collect the amount by attachment. K.S.A. 1996 Supp. 79-5205(a). In *Gulledge*, 257 Kan. at 930, the Kansas Supreme Court held that "the Kansas drug tax does not impose a criminal penalty for double jeopardy purposes." In view of the decision in

*Gulledge*, the defendant's prosecution in this case after imposition of the drug tax was not a second prosecution for the same offense in violation of the Double Jeopardy Clause.

Defendant next claims that her criminal prosecution after the forfeiture of her property under K.S.A. 60-4104 violated the Double Jeopardy Clause. K.S.A. 60-4104(b) provides that violations of the Uniform Controlled Substances Act (K.S.A. 65-4101 *et seq.*) may give rise to forfeiture. K.S.A. 60-4105 provides for forfeiture of "(b) all property . . . that is . . . (2) used or intended to be used in any manner to facilitate conduct giving rise to forfeiture; (c) all proceeds of any conduct giving rise to forfeiture; . . . (e) all weapons possessed, used, or available for use in any manner to facilitate conduct giving rise to forfeiture."

The controlling opinion of the United States Supreme Court is *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996), where the court held that *civil* forfeiture does not constitute "punishment" for the purpose of the Double Jeopardy Clause.

In *Ursery*, the court adopted a two-prong test to determine whether a forfeiture proceeding is civil or criminal in nature. First, the court considers whether the legislature intended the forfeiture proceedings to be criminal or civil. Second, the court considers whether the proceedings are so punitive in fact as to persuade the court that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite the legislature's intent.

The *Ursery* court emphasized that the intent of the legislature is most clearly demonstrated by the procedural mechanism it established for enforcing forfeitures under the statute. In *Ursery*, the court noted that Congress' intent was most clearly demonstrated by the fact that Congress made the forfeitures impersonal by targeting the property. In contrast to the in personam nature of criminal actions, actions in rem have traditionally been viewed as civil proceedings. The Kansas statutes at issue here provide for in rem forfeiture. The Kansas Legislature intended forfeiture proceedings under K.S.A. 60-4104 to be civil. The proceedings are governed by the rules of civil procedure. K.S.A. 60-4112(q). The forfeiture act

is to be liberally construed to effectuate its remedial purposes. K.S.A. 60-4123.

In *Thompson v. State*, 23 Kan. App. 2d 305, 310, 929 P.2d 803 (1996), this court decided the same basic issue raised in this case as to whether the forfeiture provisions of K.S.A. 65-4171 constituted "punishment" within the meaning of the Double Jeopardy Clause. The court held that the forfeiture proceeding in effect at the time the offense occurred, resulting in the sale of defendant's seized vehicle, was civil in nature and that the statutory scheme was not so punitive as to negate a legislative intention to establish a civil remedial mechanism.

In *Thompson*, the court noted that the forfeiture statute, K.S.A. 65-4171, was repealed in 1994 and replaced by K.S.A. 60-4101 *et seq.*, which was the controlling statute in the present case. We hold that the reasoning in *Thompson* is applicable to the issue presented here involving the current forfeiture statute, K.S.A. 60-4101 *et seq.* That statute provides for a civil proceeding in rem. A legislative intent to assure that property is not used for illegal means, to make illegal activity unprofitable, or to remove contraband may be implied from the statutory language. The Kansas forfeiture law in effect at the time of defendant's offense does not constitute "punishment" within the meaning of the Double Jeopardy Clause of the Fifth Amendment or Section 10 of the Kansas Constitution Bill of Rights.

The decision of the district court is affirmed.