(8 P.3d 58)
No. 83,662

CITY OF HOISINGTON, *Appellee,* v. $2,044 in U.S. CURRENCY (LORNA RAE STEINERT), *Appellant.*

Opinion filed July 28, 2000.

*Kent A. Roth*, of Roth Law Office, of Ellinwood, for the appellant.

*Richard A. Boeckman*, of Keenan & Boeckman Law Firm, P.A., of Great Bend, for the appellee.

Before GREEN, P.J., LEWIS, J., and ROBERT J. FLEMING, District Judge, assigned.

LEWIS, J.: The automobile in which appellant Lorna Rae Steinert was riding was stopped for a traffic violation in the City of Hoisington (City). During the course of that stop, illegal drugs, drug paraphernalia, and cash were found on Steinert and/or in the vehicle. The City seized the cash and seeks its forfeiture under K.S.A. 60-4104(b). The trial court held in favor of the City, and Steinert pursues her appeal to this court.

Steinert was a passenger in an automobile driven by her ex-husband Chris. The vehicle was stopped for a taillight violation. Steinert consented to a search of her pockets and her purse. This, for Steinert, was not a good decision. In her purse, the officer found methamphetamine and drug paraphernalia. She was promptly arrested for possession of those items.

After her arrest, Steinert asked if she could say goodbye to her daughter and talk with her ex-husband about arranging Steinert's bail. She was given permission to do so, and she then reached in her front pocket and pulled out a wad of cash. She offered the money to her ex-husband to use for her bail.

The arresting police officer saw Steinert remove the money from her pocket and promptly took it. The officer testified Steinert had $2,044 in bills in her front pocket. There were eight $100 bills, eight $50's, 39 $20's, five $10's, one $5, and nine $1's. He said that, in his opinion, the money came from drugs sales. He cited the way

it was carried and felt it was indicative of a drug dealer who would carry a large amount of cash for use in drug transactions.

Steinert claims the money in her front pocket came from her sale of cars and various other items. Her testimony at trial varied considerably from statements she made prior to trial and, during the trial, she did not or could not produce receipts or witnesses to prove her explanations as to how she acquired the money.

After listening to all the evidence, the trial court found that the City had met its burden of proof; the money was found in close proximity to contraband and should be forfeited. The court also found that the City's actual notice of a claim of ownership did not constitute a waiver of the certified mail requirement of K.S.A. 60-4111(a). On appeal, Steinert raises a number of issues.

## PRESUMPTION OF FORFEITURE

As noted, the trial court construed 60-4112(j) as requiring only that an item be in close proximity to the contraband to raise the presumption of forfeiture. Steinert argues that the trial court misconstrued that statute and that the item can only be forfeited if it facilitated an act giving rise to forfeiture.

We disagree with Steinert's reading of the statute. K.S.A. 60-4112(j) creates a rebuttable presumption that money found in close proximity to a controlled substance is forfeitable. It provides as follows:

"The fact that money, negotiable instruments, precious metals, communication devices, and weapons *were found in close proximity to contraband or an instrumentality of conduct giving rise to forfeiture shall give rise to the rebuttable presumption*, in the manner provided in subsection (a) of K.S.A. 60-414, and amendments thereto, that such item was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct." (Emphasis added.)

Of course, this is a civil proceeding, and the rules relating to civil procedure are applicable. Under K.S.A. 60-4113(g), the City had the burden of proving by a preponderance of the evidence that defendant's interest in the property was subject to forfeiture. If the City carried its burden, the burden then shifted to the claimant to show by a preponderance of the evidence that his interest in the property is not subject to forfeiture.

The trial court found that the City met its burden by showing that the money was in close proximity to the contraband. The court also found that Steinert, while she presented some evidence, failed to meet her burden to rebut the presumption. The trial court's finding that Steinert failed to meet her burden of proof is a negative finding, and to challenge that finding, she must prove arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. This is required because the negative finding signifies the failure of the party upon whom the burden of proof was cast to sustain it. See *Thomason v. Stout*, 267 Kan. 234, 238, 978 P.2d 918 (1999).

In addition to the negative finding burden of proof, where the trial court has made findings of fact and conclusions of law, our standard of review is to determine whether those findings are supported by substantial competent evidence and whether they support the trial court's conclusions of law. *Kansas Highway Patrol v. 1985 Chevrolet Astro Van*, 24 Kan. App. 2d 841, 844, 954 P.2d 718 (1998).

We conclude the trial court's finding concerning the forfeitability of the money is supported by substantial competent evidence. In making this conclusion, we point out that it is not our function to weigh the evidence or to pass on the credibility of witnesses, and we do not do so. If the evidence and all reasonable inferences drawn from it, when viewed from the perspective most favorable to the prevailing party, support the trial court's decision, that decision will be affirmed.

Steinert argues the City must prove the money seized was a result of conduct giving rise to a forfeiture before it can be forfeited. We do not agree. The City is only required to prove that the money sought to be forfeited was in close proximity to a controlled substance. *State v. 1978 Chevrolet Automobile*, 17 Kan. App. 2d 144, 148-49, 835 P.2d 1376 (1992). The City is not required to prove the money was obtained to buy or sell drugs. The law is quite clear that once the City proves the money was in close proximity to a controlled substance, it raises a presumption in favor of forfeiture, which claimant must then rebut.

We hold that the City's evidence raised a presumption in favor of forfeiture and that Steinert did not meet her burden to refute that presumption.

Steinert also argues the evidence does not sufficiently show that the money was in close proximity to the contraband. She argues that the money was seized from her person while the controlled substance was found in her purse and that the money was not, therefore, in close proximity. We disagree. In *1978 Chevrolet Automobile*, the cash was found on the claimant's person after he had exited the vehicle. The marijuana was found in the car, part of it in the front seat and part of it in a duffel bag. Under those facts, we held that the money was in close proximity to the controlled substance. 17 Kan. App. 2d at 146-47. In this case, the purse was never more than an arm's reach away from Steinert until after her arrest. There is no doubt in our minds that the evidence shows that the money in her pocket was, indeed, in close proximity to the controlled substances in her purse.

In closing, we note that no serious search and seizure issues arise in this proceeding. It is true that the money was seized from Steinert's person. At the time of the seizure, Steinert was under arrest, she would have been booked into jail, and, of course, the money inevitably would have been discovered during that process.

## WAIVER OF NOTICE

K.S.A. 60-4111(a) states, in pertinent part:

"Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this section. *The claim shall be mailed to the seizing agency and to the plaintiff's attorney by certified mail, return receipt requested, within 30 days after the effective date of notice of pending forfeiture.*" (Emphasis added.)

The parties stipulated that the City had actual notice of Steinert's claim but that the claim was mailed first class instead of certified mail as required by the statute.

The trial court held that since Steinert did not comply with the provisions of the statute requiring certified mailing of the notice, her claim would fail under the statute.

Interpretation of a statute is a question of law, and our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

We conclude the trial court erred in concluding that Steinert's failure to serve the notice by certified mail was fatal to her claim.

As noted above, the parties stipulated that the City had actual notice of the claim. The claim was mailed first class instead of by certified mail. "The law does not require a useless act that in no way would have changed the notice actually given." *Kopp's Rug Co. v. Talbot*, 5 Kan. App. 2d 565, 567, 620 P.2d 1167 (1980). In *Talbot*, we held that service of notice of a mechanic's lien sufficiently complied with K.S.A. 60-1103 even though the notice was not sent by restricted mail as required.

We hold that under the facts of this case, Steinert substantially complied with the statute. She mailed the notice, and the City stipulated that it had actual notice of her claim. We should note that our decision is limited to the facts of this case. If the City had not stipulated that it had actual timely notice of the claim, our decision certainly might have been different, but we do not reach that question.

## CONSTITUTIONALITY OF KANSAS ASSET SEIZURE AND FORFEITURE ACT

Steinert attacks the constitutionality of the Kansas Asset Seizure and Forfeiture Act, K.S.A. 60-4101 *et seq.* The constitutionality of a statute is a question of law, and our review is unlimited. See *Thompson v. State*, 23 Kan. App. 2d 305, 306-07, 929 P.2d 803 (1996).

Steinert argues the statute is unconstitutional because it forfeits her estate for a criminal conviction. Apparently, she is contending she kept all of her money on her person and, therefore, the seizure of the $2,044 was, in effect, a forfeiture of her entire estate. The money in this case was not forfeited before Steinert was convicted of a crime. The money was forfeited because it was in close proximity to a controlled substance. The money would have been forfeited regardless of whether Steinert had been charged and convicted of possession of those controlled substances. The statute

gave her ample opportunity to rebut the presumption of forfeiture, and she was unable to do so. We conclude that her challenge as to the constitutionality of the statute is without merit.

In addition, we previously have evaluated the constitutionality of the Kansas Asset Seizure and Forfeiture Act. In *State v. Yeoman*, 24 Kan. App. 2d 639, 951 P.2d 964 (1997), we held that the statute did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

## WAS FORFEITURE GROSSLY DISPROPORTIONATE TO THE NATURE AND SEVERITY OF CONDUCT?

Steinert argues that the forfeiture of her money was grossly disproportionate to the nature and severity of her conduct. K.S.A. 60-4106(c) lists the factors that are to be considered in determining whether a forfeiture is grossly disproportionate:

"(1) The gain received or expected to be received by an owner from conduct that allows forfeiture;

"(2) the value of the property subject to forfeiture;

"(3) the extent to which the property actually facilitated the criminal conduct;

"(4) the nature and extent of the owner's knowledge of the role of others in the conduct that allows forfeiture of the property and efforts of the owner to prevent the conduct; and

"(5) the totality of the circumstances regarding the investigation."

We have analyzed the evidence and evaluated it in light of the factors listed in the statute, and we feel comfortable in concluding that, as a matter of law, the forfeiture of $2,044 was not grossly disproportionate to Steinert's conduct in possessing illegal controlled substances.

In making this decision, we are aware the trial court did not appear to analyze the factors listed in the statute. Since our conclusion is that the forfeiture was not grossly disproportionate as a matter of law, it is not necessary that we remand the case to the trial court for further consideration of that issue.

## SEARCH AND SEIZURE

Steinert argues she was subjected to an unreasonable search and seizure when the officers seized the money incident to her arrest. This argument was not raised to the trial court in the civil forfeiture

action. Issues not raised before the trial court cannot be raised on appeal. *Ripley v. Tolbert*, 260 Kan. 491, 513, 921 P.2d 1210 (1996).

Finding no error on appeal, we affirm the decision of the trial court.

Affirmed.