NOT DESIGNATED FOR PUBLICATION

No. 113,565

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOUIS REYNOLDS, III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed June 3, 2016. Affirmed.

*Richard Ney*, of Ney & Adams, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Louis Reynolds, III, appeals from the district court's denial of his postsentence motion to withdraw his plea. Reynolds claims his plea was not voluntarily and knowingly made because he was not told that the charge to which he pled should have been barred since it should have been included as an additional count in an earlier prosecution against him in another county. Reynolds also claimed that his attorney was ineffective for not informing him of that compulsory joinder argument. We find the trial court properly denied Reynolds' motion to withdraw his plea, although we base our holding on grounds a little different than those stated by the district court.

1

*Procedural background*

The facts are not disputed. In December 2012, Louis Reynolds, III, and two associates entered the home of Travis Maes near Dodge City, Kansas, in Ford County. The men confronted Maes with a weapon, forced him into his home, and struck him with the weapon. They took weapons, drugs, a cellular phone, a computer, and money from Maes and then left in a car headed toward Wichita, Kansas.

Approximately 2 hours later, they were stopped by a law enforcement officer in Sedgwick County. The officer had seen the car's rear passenger door open as the car was traveling nearly 50 miles per hour and had seen an unknown item come out of the car, so he stopped the car due to a possible littering violation. Defendant does not challenge the legality of this stop, his detention, or the ensuing search of the car or its contents.

When the officer searched the car, he found weapons, cellular phones, a laptop, money, five bags of marijuana, and three bags of cocaine. After Reynolds admitted that those items belonged to him, he was arrested.

While the officer was completing paperwork, one of the stolen phones received a text message. An officer contacted the number displayed on the phone. Following a conversation with that individual, the officer believed the owner of the phone lived in Dodge City and was either a victim of or a witness to a crime. The officer then contacted the Dodge City Police Department and was told the police were working a case of battery and theft involving individuals who matched the description of Reynolds and the two other men.

In January 2013, following an investigation, Reynolds was charged in Ford County with the following: one count of aggravated kidnapping, one count of aggravated robbery, one count of aggravated burglary, one count of aggravated battery, one count of

theft, and one count of felony cruelty to animals. Reynolds waived his preliminary hearing and entered a guilty plea to one count of attempted kidnapping and one count of robbery. The State dismissed the remaining counts.

During Reynolds' plea hearing, the State presented the following factual basis for the plea:

"Your Honor, were the matter to have proceeded to trial, the State would put on evidence that between the dates of December 12th and December 13th of last year, Mr. Reynolds and two of his associates entered into a dwelling which would've been the residence of a Travis Maes here in Dodge City within Ford County, Kansas. This is 11258 110 Spring Road. They confronted Mr. Maes, they confronted him with a weapon, told him they wanted his—they wanted his money and also drugs that he had. They forced him into his house, they struck him with a weapon and then took weapons from Mr. Maes along with drugs, a phone, computer and some money and then left that residence and hit the road for Wichita, at which point they were pulled over by Goddard police with those weapons. Mr.—Blood we believe would be identified to be Mr. Maes' blood on them along with the weapons and the computer and the cell phone that would've been in their vehicle."

No other facts were proffered or admitted during the plea hearing about the events near Dodge City.

The Ford County district court sentenced Reynolds, who had no prior criminal history, to 63 months' imprisonment and then suspended the sentence and granted him 36 months' probation under the supervision of community corrections.

Reynolds was subsequently charged in Sedgwick County with drug offenses, including possession of cocaine with intent to distribute, based on the drugs found in the car stop. Reynolds admits and the State does not contest that those drugs were taken during the Ford County robbery approximately 2 hours before Reynolds' Sedgwick

3

County arrest. Reynolds pled guilty to possession of cocaine with the intent to distribute, the prosecution dismissed the other charges, and the district court sentenced him to 73 months' imprisonment. That sentence was to run consecutive to the sentence imposed in the Ford County case. Reynolds' sentence was calculated on a criminal history score of B, which was based on his Ford County convictions.

Reynolds later filed a postsentence motion to withdraw his plea in the Sedgwick County case, claiming it "was not knowingly, voluntarily, or intelligently made because he was never informed that he had a meritorious [compulsory joinder] claim against the Sedgwick County charges." He also alleged his counsel was ineffective for having failed to inform him he had a compulsory joinder claim.

The district court held an evidentiary hearing on that motion. After hearing the evidence and argument from both sides, the district court found that no "evidence" had been presented in the Ford County case because the factual basis for the guilty pleas was not evidence, thus the compulsory joinder rule did not apply. The district court also found Reynolds' trial counsel was not ineffective because the compulsory joinder claim was not meritorious. Accordingly, the district court denied Reynolds' postsentence motion to withdraw his plea. Reynolds timely appeals.

I.    *Did Reynolds waive his right to assert his compulsory joinder claim by pleading guilty?*

We first address the State's contention that Reynolds waived his right to raise a compulsory joinder defense by entering a guilty plea in this Sedgwick County case.

The State relies on the general rule that a guilty plea waives a double jeopardy claim. *Thompson v. State*, 23 Kan. App. 2d 305, 307, 929 P.2d 803 (1996) (citing *United States v. Broce*, 488 U.S. 563, 574-75, 109 S. Ct. 757, 102 L. Ed. 2d 927 [1989]). The

4

State correctly argues that when a defendant pleads guilty, the defendant "waives all nonjurisdictional defects, including a claim of double jeopardy." See *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006). Furthermore, a defendant waives the right to assert a double-jeopardy based collateral attack on convictions and sentences. See *Thompson*, 23 Kan. App. 2d at 307.

But Reynolds does not make a double jeopardy claim here. We do not construe his statutory compulsory joinder claim as making a constitutional claim. See *In re Berkowitz,* 3 Kan. App. 2d 726, 734, 602 P.2d 99 (1979); see also 22A C.J.S., Criminal Procedure and Rights of Accused § 655 (statutory compulsory joinder provisions expand proscription of double jeopardy *beyond* constitutional protections). Our compulsory joinder statute, K.S.A. 2015 Supp. 21-5110(b)(1), provides different protection than double jeopardy—its object is to prevent the prosecution from substantially proving a crime in a trial in which the crime is *not* charged, and then in effect retrying the defendant for the same offense in a later trial where it is charged. See *State v. Mahlandt*, 231 Kan. 665, 668, 647 P.2d 1307 (1982). Double jeopardy, however, prohibits multiple punishments for the same crime. U.S. Const. amend. V*; State v. Van Lehman*, No. 112,500, 2015 WL 7162178, at *4 (Kan. App. 2015)(unpublished opinion).

Additionally, Reynolds asserts a claim of ineffective assistance of counsel which is intertwined with his compulsory joinder claim—the crux of Reynolds' argument is that he did not enter his plea knowingly due to his counsel's ineffectiveness. And the State does not contend that Reynolds waived his ineffective assistance of counsel claim by pleading guilty. We do not agree that Reynolds has waived either of his claims, so we address the issues on the merits. See *Thompson*, 23 Kan. App. 2d at 307-08 (finding "[a]bsent a claim of ineffectiveness of counsel, Thompson's argument that he did not knowingly and voluntarily waive his double jeopardy rights fails").

II. *Did the district court err in finding compulsory joinder did not apply?*

A. *Standard of review*

K.S.A. 2015 Supp. 22-3210(d)(2) provides that the district court, after sentencing, may set aside a conviction and permit a defendant to withdraw a plea upon a showing of manifest injustice. Factors the district court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing mirror those considered when reviewing for good cause to support a presentence motion. See *State v. Morris*, 298 Kan. 1091, 1100-01, 319 P.3d 539 (2014). "In evaluating a post-sentencing motion to withdraw a plea, the district court should consider: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Green*, 283 Kan. 531, 546, 153 P.3d 1216 (2007); see also *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006) (noting other factors that may support denial of postsentence motion to withdraw plea).

Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). An abuse of discretion occurs when a judicial action is unreasonable, based on an error of law, or based on an error of fact. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). The defendant bears the burden of establishing an abuse of discretion. *Fritz*, 299 Kan. at 154.

B. *Kansas' compulsory joinder rule*

Reynolds' argument is based on the compulsory joinder rule of K.S.A. 2015 Supp. 21-5110(b)(1). Statutory interpretation is a question of law over which appellate courts have unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). The

6

most fundamental rule of statutory interpretation is the intent of which the legislature governs, if that intent can be ascertained. 299 Kan. at 906. Where there is no ambiguity, we need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous do we use canons of construction or legislative history to construe the legislature's intent. *Cady v. Schroll*, 298 Kan. 731, 738-39, 317 P.3d 90 (2014).

K.S.A. 2015 Supp. 21-5110(b) provides:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the crime was not consummated when the former trial began."

Our Supreme Court recently reaffirmed that the purpose of our compulsory joinder statute is to prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged and then in effect retrying the defendant for the same offense in a trial where it is charged:

"'Under the compulsory joinder rule, if evidence is admitted of an offense not contained in the charge, later prosecution of that offense is barred if it could have been included as an additional count in the first prosecution.' [*State v*.] *Wilkins*, 269 Kan. [256,] 260[, 7 P.3d 252 (2000)]; see *In re Berkowitz,* 3 Kan. App. 2d 726, 742, 602 P.2d 99 (1979). 'The objective of the compulsory joinder rule is to further the constitutional guaranty against multiple trials.' *Berkowitz*, 3 Kan. App. 2d at 734; see 22 C.J.S., Criminal Law § 314 (statutory compulsory joinder provisions expand proscription of

7

double jeopardy beyond constitutional protections). And this court has long held that the object of K.S.A. 21-3108(2)(a) 'is to prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying the defendant for the same offense in a trial where it is charged.' *State v. Mahlandt*, 231 Kan. 665, 668, 647 P.2d 1307 (1982). Kansas has long subscribed to the compulsory joinder doctrine. See *Berkowitz,* 3 Kan. App. 2d at 735, 602 P.2d 99 (tracing doctrine's origin in Kansas to legislative action in 1935)." *State v. Jordan*, 303 Kan. 1017, 1019, __ P.3d __ (2016).

It also reaffirmed the three-part test we apply to determine whether a subsequent prosecution should be barred:

"There are three requirements for application of the compulsory joinder provision to bar a prosecution, occasionally referred to as the *Berkowitz* test: '"(1) The prior prosecution must have resulted in either a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution; and (3) the present crime must be one which could have been charged as an additional count in the prior case."' *Wilkins,* 269 Kan. at 260, 7 P.3d 252 (quoting *Berkowitz,* 3 Kan. App. 2d at 743)." *Jordan*, 303 Kan. At 1020.

The district court applied this three-part test and found the first and third requirements were met. Reynolds and the State agree. This appeal thus turns on the second requirement—whether evidence of the crime charged in the second case was admitted at the first plea hearing. The district court held that because the first case was a plea hearing and not a trial, *no* evidence was presented in the plea hearing, thus compulsory joinder did not preclude prosecution in the second case.

8

*Was evidence presented at the plea hearing?*

Reynolds contends the district court erred in finding no "evidence" was presented at a plea hearing. The prosecution counters that the purpose of the compulsory joinder rule is to preclude two trials, not two prosecutions; thus the district court's analysis was correct.

We find it unnecessary to decide this issue. For purposes of this case, we assume, without deciding, that the facts stated by a prosecutor at a plea hearing as the factual basis for the plea, and not objected to by the defendant, constitute "evidence" for purposes of the compulsory joinder rule.

*Was sufficient evidence presented in Reynolds' first case to convict him of the offense charged in the second case?*

Reynolds contends that sufficient evidence in the Ford County case established the offense he was charged with in the Sedgwick County case.

In *Jordan*, our Supreme Court addressed the second prong of the *Berkowitz* test, clarifying that a defendant must show that the evidence presented at the first trial, when viewed in a light most favorable to the defendant, could lead a rational factfinder to find the defendant guilty beyond a reasonable doubt of the crimes charged in the second trial. 303 Kan. App. 1021-1022. Thus, the fact that some evidence admitted in the first case is also used in the second case does not necessarily bar prosecution; the question is instead whether the second crime was proved in the first case by the admission of evidence of the second crime. 303 Kan. App. 1020.

> "In *Wilkins,* this court read a demand for sufficiency into the evidence requirement:

9

"'In order for K.S.A. 21-3108(2)(a) to apply, the evidence presented in an earlier trial needs to be sufficient to support a conviction sought in a later trial. There needs to be more than a mere scintilla of evidence. A slight or passing reference to evidence will not be enough to trigger the application of K.S.A. 21-3108(2)(a). See Spring, *The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108,* 9 Wash. L.J. 179, 185 (1970) (noting that evidence must be sufficient to support conviction in subsequent prosecution). The fact that some evidence used in the first trial is also used in the second trial does not necessarily bar prosecution. *State v. Edgington*, 223 Kan. 413, 417, 573 P.2d 1059 (1978). The question is whether the second crime was proved by the admission of evidence of the second crime in the first trial. *State v. Barnhart*, 266 Kan. 541, 544, 972 P.2d 1106 (1999). To determine this, we adopt a test similar to that used when challenging the sufficiency of evidence on appeal. In order to satisfy the second prong of the *Berkowitz* test, a defendant must show that the evidence presented at the first trial, when viewed in a light most favorable to the defendant, would lead a rational factfinder to find the defendant guilty beyond a reasonable doubt of the crimes in the second trial.'" *Wilkins,* 269 Kan. at 263." *Jordan*, 303 Kan. at 1020.

The court in *Jordan* modified this test by changing "would" to "could." Therefore, for compulsory joinder to arguably apply in Reynolds' case, sufficient evidence of the crime of possession of cocaine with intent to distribute must have been presented at his first plea hearing. See *Jordan*, 303 Kan. at 1020-1022. The relevant statute provides:

"(a) It shall be unlawful for any person to distribute or possess with the intent to distribute any of the following controlled substances or controlled substance analogs thereof:

(1) Opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107, and amendments thereto;
. . . .

"(d)(1) Except as provided further, violation of subsection (a) is a:
. . . .

10

(B) drug severity level 3 felony if the quantity of the material was at least 3.5 grams but less than 100 grams." K.S.A. 2015 Supp. 21-5705(a)(1), (d)(1)(B).

The facts stated at the Ford County plea hearing which related to Reynolds' subsequent prosecution, even if considered as "evidence," were merely that Reynolds and his cohorts said they wanted the "drugs" Maes had and took some "drugs" from Maes. No facts established whether those drugs were cocaine or any other controlled substance, whether Reynolds had any intent to distribute them, or what amount of drugs Reynolds possessed. Accordingly, the evidence presented in Reynolds' Ford County plea hearing was woefully insufficient to establish the essential elements of possession of cocaine with intent to distribute.

Accordingly, we affirm the district court's decision to deny Reynolds' postsentencing motion to withdraw his plea. Even assuming that the district court erred in finding that the factual basis for a plea is not evidence, we affirm the district court as right for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (finding that if a district court reaches the correct result, its decision will be upheld even though it assigned an erroneous reason for its decision).

III.    *Was Reynolds denied his right to effective assistance of counsel?*

Reynolds next argues his trial counsel was ineffective for failing to inform him the Sedgwick County prosecution was potentially barred under the compulsory joinder rule. He further contends his trial counsel failed to challenge the scoring of his Ford County convictions as criminal history in the Sedgwick County case. He contends his counsel's performance fell below the range of reasonable professional assistance and that he was prejudiced because had he been properly informed of this meritorious defense, he would not have pled guilty.

11

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Consequently, we review the underlying factual findings for support by substantial competent evidence and the legal conclusions based on those facts de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

After finding the compulsory joinder rule did not apply, the district court found Reynolds' ineffective assistance of counsel claim failed because "there was no legal issue necessarily requiring any follow-up."

As discussed above, compulsory joinder was not a colorable defense in this case. Our appellate courts have held "[c]onscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." *Baker v. State*, 243 Kan. 1, 10, 755 P.2d 493, 500 (1988); *Rice v. State*, No. 110,589, 2015 WL 4577279, at *5, 8 (Kan. App. 2015) (unpublished opinion) (holding "[a]ppellate counsel need only raise issues on appeal that have a reasonable prospect of leading to a successful outcome of the appeal"). We find a comparable standard applies to trial counsel's performance. When a party bases an ineffective assistance of counsel claim on counsel's failure to make a meritless legal argument, denial of that claim is appropriate since the attorney acts reasonably in not raising a futile argument to the court and in not informing his or her client of it. Therefore, no deficient performance was shown, as the district court held.

12

Accordingly, we affirm the district court's denial of Reynolds' postsentence motion to withdraw plea. Nothing in the record indicates a need to correct a manifest injustice.

Affirmed.