NOT DESIGNATED FOR PUBLICATION

No. 124,325

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY L. STANFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed August 26, 2022.
Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM:  Terry L. Stanford appeals the denial of his K.S.A. 60-1507 motion.
In that motion, Stanford argued he faced punishment twice for the same offense through
his forfeiture and criminal cases in violation of the Double Jeopardy Clause and that he
never waived his right to a jury trial on the State's amended complaint. On appeal,
however, Stanford foregoes any discussion of the jury trial waiver issue and focuses
solely on his double jeopardy claim. After reviewing his petition and the supporting
record on appeal, we find that the double jeopardy argument is not properly raised in a
collateral challenge to his convictions and sentence. Because K.S.A. 60-1507 is not the

1

appropriate vehicle through which to pursue relief on such a claim, we affirm the district court's denial of Stanford's motion.

FACTUAL AND PROCEDURAL BACKGROUND

Stanford's K.S.A. 60-1507 motion related to his convictions for conspiracy to manufacture methamphetamine and obstruction of legal process or official duty based on incidents involving Stanford's residence and farm in Harvey County in March 2011. See *State v. Stanford*, No. 114,764, 2017 WL 1534779, at *1-2 (Kan. App. 2017) (unpublished opinion).

In February 2011, investigators linked the theft of a stolen Bobcat skid loader to Stanford. While executing a warrant on Stanford's farm in search of the stolen implement, a detective observed a propane tank with bluish-green discoloration inside one of the barns revealing that the barn was used as a location to manufacture methamphetamine. After Stanford learned of the detective's observation, he ran into the barn, dumped some sort of liquid onto the ground and attempted to use a lighter to ignite a fire. Law enforcement officers eventually wrestled Stanford to the ground and placed him under arrest.

Officers then secured the barn and obtained a second warrant to investigate for evidence pertaining to the manufacture of methamphetamine. While executing that warrant, officers found several items suspected to be used in the production of the narcotic. They also confirmed that a Bobcat skid loader located on the property matched the stolen item identified in the first search warrant.

The State charged Stanford with unlawful manufacture of methamphetamine, unlawful possession of ephedrine, unlawful possession of lithium metal, possession of methamphetamine, possession of anhydrous ammonia in an unapproved container, felony theft, obstructing legal process or official duty, and possession of drug paraphernalia in criminal case No. 11 CR 104. It later amended its complaint to include a charge of sexual exploitation of a child based on the discovery of a computer disc on Stanford's property that purportedly contained child pornography.

Later, the State filed a "Notice of Pending Forfeiture" in civil case No. 11 MV 17 to which Stanford filed a timely response. The district court ruled that the property was forfeited to the State, apart from exempt property including the homestead valued at $91,770 and cattle/livestock up to the value of $7,500. Stanford did not appeal the district court's forfeiture order and satisfied the judgment in full roughly one year later.

Stanford then filed three motions to suppress in anticipation of his criminal trial, all of which the district court denied. Prior to trial, the State agreed to only proceed with charges for conspiracy to manufacture methamphetamine and obstruction of legal process or official duty in exchange for Stanford's decision to proceed to a bench trial on stipulated facts. The district court ultimately found Stanford guilty of both offenses, denied his request for a departure sentence, ordered him to serve 132 months' imprisonment.

Stanford pursued a direct appeal and argued the district court erred in denying his motion to suppress and illegally sentenced him when it denied his motion for departure by journal entry following the sentencing hearing. A panel of this court rejected both contentions and affirmed his convictions and sentence. *Stanford*, 2017 WL 1534779, at *11-12.

3

After his direct appeal, Stanford filed motions seeking to have his sentence declared void due to the district court's alleged lack of subject matter jurisdiction and for resentencing following the full review of his departure motion which Stanford claimed to have been previously deprived. The district court denied both motions following a hearing and a panel of this court affirmed those decisions. See *State v. Stanford*, No. 121,083, 2020 WL 2089762, at *1, 6 (Kan. App. 2020) (unpublished opinion).

Stanford filed the K.S.A. 60-1507 motion at issue in May 2021 and argued that he never waived his right to a jury trial on the amended complaint prior to his bench trial, and that his forfeiture and criminal cases amounted to dual punishment for the same offense in violation of the Double Jeopardy Clause. The district court conducted a nonevidentiary hearing on Stanford's motion and summarily denied the same upon finding that Stanford waived his jury trial as part of the parties' agreement to proceed to a bench trial on stipulated facts. It also concluded that under Kansas law, a civil forfeiture action does not put a defendant in jeopardy for criminal prosecution.

Stanford now brings the matter before us to determine whether the district court reached its conclusion in error.

ANALYSIS

Stanford's appeal is focused solely on his double jeopardy claim and he continues to assert he impermissibly endured dual punishment for the same offense. First by virtue of the 2011 forfeiture action and then again following his criminal convictions and imposition of a 132-month prison term. The State argues in response that Stanford's failure to raise the double jeopardy issue earlier results in a waiver of that claim.

To be entitled to relief under K.S.A. 60-1507, a movant must establish by a preponderance of the evidence that (1) "the judgment was rendered without jurisdiction";

(2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2021 Supp. 60-1507(b); Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242). When reviewing a K.S.A. 60-1507 motion a district court has three options. First, it may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and summarily deny the motion. Second, it may determine from its review of the motion, files, and records that a potentially substantial issue exists, thus a preliminary hearing is warranted. If, following such hearing, the court finds no substantial issue exists, it may deny the motion. Finally, the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented and order a full evidentiary hearing. K.S.A. 2021 Supp. 60-1507(b); *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

An appellate court's standard of review depends on which course of action the district court opted to pursue. *Adams*, 311 Kan. at 578. When the district court denies the K.S.A. 60-1507 motion without holding an evidentiary hearing—as in this case—we are on equal footing with the district court to consider the merits of the K.S.A. 60-1507 motion. As a result, we review its rulings de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

In support of his claim that he first suffered punishment through the forfeiture action, Stanford directs our attention to *Timbs v. Indiana*, 586 U.S. ___, 139 S. Ct. 682, 686-87, 203 L. Ed. 2d 11 (2019), in which the United States Supreme Court held that the Eighth Amendment to the United States Constitution related to excessive fines applies to the States through the Fourteenth Amendment. Stanford contends this holding signifies that a forfeiture action can properly be construed as an excessive fine and is therefore classified as punishment under the Double Jeopardy Clause. Yet *Timbs* was not a forfeiture case. A forfeiture of property in Kansas falls under the heading of a civil

proceeding and is an action in rem according to our statutory structure. *State v. Yeoman*, 24 Kan. App. 2d 639, 641-42, 951 P.2d 964 (1997). The United States Supreme Court and Kansas courts alike have both held that civil forfeitures generally fall outside the scope of what is classified as punishment for purposes of the double jeopardy analysis. See *United States v. Ursery*, 518 U.S. 267, 292, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *City of Hoisington v. $2,044 in U.S. Currency*, 27 Kan. App. 2d 825, Syl. ¶ 6, 8 P.3d 58 (2000) (civil forfeiture does not violate the Double Jeopardy Clause); *Yeoman*, 24 Kan. App. 2d at 642 (an action under the forfeiture statute followed by a criminal conviction does not violate the Double Jeopardy Clause); *Thompson v. State*, 23 Kan. App. 2d 305, 309-10, 929 P.2d 803 (1996) (civil forfeiture remedial in nature and not punishment that barred subsequent drug prosecution as a violation of double jeopardy).

Our review of the record uncovered no point at which Stanford raised this issue prior to including it as a claim in his K.S.A. 60-1507 motion. Our Supreme Court has explicitly held that double jeopardy is an affirmative defense that a defendant waives by failing to raise it in a timely manner. *Jackson v. State*, 204 Kan. 823, Syl. ¶ 6, 465 P.2d 927 (1970); see K.S.A. 2021 Supp. 22-3208(3). Panels of this court have also held that double jeopardy arguments are waived if not timely pleaded and are not properly raised in a collateral proceeding such as a K.S.A. 60-1507 motion. See *Brinkley v. State*, No. 122,161, 2021 WL 5992106, at *4 (Kan. App. 2021) (unpublished opinion), *petition for rev.* filed January 18, 2022; *James v. State*, No. 76,682, 1997 WL 35435887, at *2 (Kan. App. 1997) (unpublished opinion) (ruling that petitioner waived his argument that the forfeiture action and the criminal action violated principles of double jeopardy by failing to raise it prior to the K.S.A. 60-1507 motion).

We find that Stanford's dereliction in raising his double jeopardy issue resulted in its waiver. Although the district court denied Stanford's K.S.A. 60-1507 motion following a review of the merits of his claim, we do not have to follow suit. Rather, we possess the latitude to uphold a correct result even if the district court relied on the wrong ground or

6

assigned erroneous reasons for its decision. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015). The district court's denial of Stanford's K.S.A. 60-1507 motion is affirmed.

Affirmed.